A. PEISER ET AL. v. A. B. PETICOLAS.

INTERVENOR—PARTIES.—An intervenor in a suit in which the defendant's goods have been sequestered, and who seeks to have a portion of the proceeds of the sequestered property applied to the payment of a former judgment for intervenor, rendered in a Magistrate's Court, must make the original defendant a party to proceedings in error.

APPEAL from Victoria. Tried below before the Hon. H. Clay Pleasants.

*Lackey & Staton*, for plaintiffs in error.

*A. B. Peticolas* and *Hucherson*, for defendants in error.

ROBERTS, CHIEF JUSTICE.—Plaintiffs in error are intervenors in a suit between appellee and J. E. Carpenter, instituted upon a note and mortgage, in which a sequestration had been sued out, and levied upon a stock of goods, upon which appellee's execution had been levied while in the hands of the sheriff.

The object of the intervention was to have a portion of the proceeds of the goods appropriated to the payment of their

judgments, rendered by a justice of the peace, for amounts less than $200.

In order to accomplish that object, they sought to show that the mortgage was void as to Carpenter's creditors.

Carpenter filed no answer, and, upon a trial, it was adjudged that the intervenors take nothing by their interventions, and a judgment by default was rendered in favor of Peticolas against Carpenter on the note, and for a sale of the goods under the mortgage, in payment of said judgment.

The intervenors have sued out a writ of error, without making Carpenter a party in this court.

Defendant in error files a motion in this court to dismiss the writ of error, for want of proper parties, as well as upon other grounds. This motion should prevail, because if the plaintiffs in error have a right to intervene in this suit, (which it is not now necessary to decide,) it is because they have an interest in the subject-matter of the suit, and not as litigants without respect to it, their claims not being within the jurisdiction of the District Court; and because if they succeed in reversing the judgment, the reversal must extend to that part of the judgment which appropriates Carpenter's goods to the payment of Peticolas' debt.

Motion to dismiss sustained.

MOTION SUSTAINED.