| 64 | 367 |
| 81 | 299 |
| 64 | 367 |
| 85 | 92 |

Frieberg, Klein & Co. v. Elliott & Wright.

(Case No. 5280.)

1. Attachment.— When a claimant's bond has been filed in accordance with the statute to try the right of property which has been seized under attachment, such property is no longer *in custodia legis* after its surrender and delivery into the possession of the claimant, but is subject to seizure and sale under other attachments against the real owner. The bond executed to release it from the first attachment furnishes the security to which the first attaching creditor must look, and after the execution of such bond the lien of his attachment is gone.

2. Same.— Even if the lien of the first attachment continued, it would not preclude the seizure and sale of the property under an attachment for another debt, subject to such lien.

Error from Comanche. Tried below before the Hon. W. A. Blackburn.

Defendants in error, who were plaintiffs in the court below, sued to recover the value of certain property alleged to have been levied on by plaintiffs in error under a writ of attachment sued out by them against Fernandez & Ackerman. In addition to general defense, plaintiffs in error alleged that the property levied on was the property of Fernandez & Ackerman, and was liable to such levy for the debt by them due to Frieberg, Klein & Co., and that whatever title defendants in error had to such property was derived through transfer fraudulent and void as against Frieberg, Klein & Co., as creditors of Fernandez & Ackerman. On the trial there was a verdict and judgment for defendants in error for $679.71.

The record in this case is quite lengthy, much of it devoted to issues of fraud, not referred to in the opinion, and a statement either of the fraud charged, or the evidence, would answer no useful purpose.

The charge for error on which the case was reversed was as follows:

"If from the evidence you believe that defendant did seize and convert the goods, and if you further believe that at the time of the seizure, if any, the plaintiffs were in possession of the property under oath and claimant's bond, executed for the purpose of trying the right of property, then the property was not subject to seizure by defendants as charged by the plaintiffs; or, in other words, if previously to defendants' seizure, if any, the goods had been levied on by the sheriff of Comanche county by attachment in favor of Casey & Swasey and Hochstadter & Co., and they had been delivered to Elliott & Wright on their making oath and giving claimant's bond, and said attachment suits were still pending and undetermined in the district court of Comanche county at the time defendants seized the goods, then defendants would have no right to levy upon the goods, and if they did so levy upon them and convert them to their own use, they would be responsible for the value of them at the time of the seizure, and interest on such value from the date of seizure to this time, and under such a state of facts it is immaterial whether Elliott & Wright could have recovered judgment against Casey & Swasey and Hochstadter & Co. or not."

*Scott & Levy*, for plaintiffs in error.

*Lindsey & Hutchison*, for defendants in error, cited: Le Gierse & Co. *v.* Pierce, Tex. L. Rep. for January, 1884, page 543; Hagan *v.* Lucas, 10 Pet. (U. S.), 400.

WALKER, P. J. COM. APP.— We are of opinion that the court erred in that portion of the charge that is complained of under the fourth ground assigned as error.

The charge is predicated on the idea that the property, when it was levied on under the defendants' attachment, was not subject to levy because it was in the custody of the law. The plaintiffs had the property in their possession when the defendants' attachment was levied on it by virtue of the oath and statutory bond which they had regularly filed in the proceeding to try the right of property as against the attachment suit of J. Hochstadter & Co., which attachment had been levied on the property previous to the date of the defendants' attachment suit. Being thus in possession of the property, it was effectually removed and withdrawn from the custody which the law had held of it whilst it was under seizure by

virtue of Hochstadter & Co.'s attachment. When the plaintiffs gave the bond and received from the sheriff the property, the bond furnished to J. Hochstadter & Co., the obligees thereof, the security for their debt, which their levy had given them on the property, it stood in the place of the property, and the lien on the property derived from the levy upon it is gone. The property is no longer in the custody of the law, and it is subject to be levied on, as before the levy, to satisfy the debts of other creditors; and, even if there did remain a lien upon it, by reason of such levy, that consideration would not preclude another creditor from subjecting it to the payment of his debt, subject, of course, to such lien. See Sparks *v.* Pace, 60 Tex., 299.

The utmost extent of the judgment, where the claimant in the trial of the right of property fails to maintain successfully his claim, is against him and the sureties on his bond for the value of the property, with legal interest thereon from the date of the bond; the court does not render a decree subjecting the property to sale. R. S., art. 4843.

The claimant in such case has the option to surrender the property within ten days from the rendition of the judgment in satisfaction of the judgment, but he is not compelled to do so, nor is the property charged by virtue of the decree with a lien for the payment of the debt. See art. 4845, R. S.

Under the proposition of law involved in the court's charge on this subject, it would result that the claimant would be placed in a more favorable condition, in so far as exempting the property from levy is concerned, by giving a bond and taking the oath to try the right of property when it has been seized by the sheriff on attachment, than if he left it under seizure without taking any steps to release it and to try the right of property; for it is clear and indisputable, that when the property is in the sheriff's custody under levy of attachment or execution in behalf of a creditor, any other creditor or creditors may, by virtue of executions or attachments put into such sheriff's hands, cause them to be levied on the same property, subject, of course, to the preference rights of the first attaching creditor; the doctrine of *custodia legis* having no application to such state of case. See Freeman on Executions, secs. 135, 267. The proposition contained in the charge cannot be harmonized with such inconsistent results as the above illustration demonstrates must ensue, if the charge is to be maintained as correct law.

The error of the court in the charge given was one that necessarily must reverse the judgment, as under it the jury could not, under the

evidence, have found otherwise than as they did find, whatever may have been their views as to the other issues in the case.

We are of opinion that the judgment be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion adopted May 26, 1885.]