John P. Irvin v. J. W. Ellis (defendant) and W. W. Ellis (intervenor).

No. 2658.

1. **Sequestration—Intervention.**—Personal property having been sequestered, the plaintiff replevied. Subsequently another party claiming the property intervened in the suit, claiming the property in controversy between the original parties. *Held,* that such claimant could intervene in the suit without filing oath or claim bond as under statute for trial of right to property.

2. **Practice.**—Where exceptions to pleadings so general as to be only a general demurrer were urged in the court below, specific reasons of objection can not be heard on appeal.

3. **Admissions not Acted Upon not an Estoppel.**—Subsequent to the seizure of personal property under writ of sequestration one who subsequently intervened claiming the property made declarations adverse to his own interest in the property. The plaintiff was not induced by such declarations to alter his condition. Such matter can not operate as an estoppel.

APPEAL from Jefferson.    Tried below before Hon. W. H. Ford.
The opinion states the case.

*Thomas J. Russell,* for appellant.—1.   The court erred in overruling
the plaintiff's special demurrer to the plea of intervention of W. W. Ellis,
because there was no oath and bond made and filed in said cause by W.
W. Ellis as a claimant for the trial of the right of property, as the statute
requires in such cases, when a writ of sequestration has issued at the
instance of the plaintiff against defendant, and the property in dispute
has been levied upon by the sheriff under said writ and held by him.
Rev. Stats., arts. 4822, 4823, 4824, 4825; Whitman v. Willis, 51 Texas,
421; Ferguson v. Herring, 49 Texas, 126; Carter v. Carter, 36 Texas,
693; Wheeler v. Wootten, 27 Texas, 257; Vickery v. Ward, 2 Texas, 214.
2.   The court erred in its charge to the jury in regard to the claim of
the intervenor W. W. Ellis, in not instructing the jury that the inter-
venor W. W. Ellis was estopped from claiming the timber, after having
made the declaration to the sheriff when he levied the writ of sequestra-
tion upon said logs that he; W. W. Ellis, did not own said logs, but that
his father, J. W. Ellis, owned the logs; and that said intervenor declined
to make any settlement then and there with the plaintiff, who proposed
to compromise the matter; and that any transfer of ownership of the
logs after the writ of sequestration and the time of the above conversa-
tion and denial of ownership from J. W. Ellis, defendant, to W. W.
Ellis, intervenor, could not defeat the right of the plaintiff to recover
against the defendant J. W. Ellis.   Watson v. Hewitt, 45 Texas, 472;
Love v. Barber, 17 Texas, 312; Johnson v. Hamilton, 36 Texas, 270; 6
Wait's Act. and Def., sec. 6; Mayer v. Ramsey, 46 Texas, 371; Dunham
v. Chatham, 21 Texas, 231; Grooms v. Rust, 27 Texas, 231.

*Hal. W. Greer,* for intervenor.—The court did not err in overruling the
demurrer to the plea of intervention, in that a third party may intervene
and set up title in himself to personal as well as real property, where the
property has been sold and the right to its proceeds is being adjudicated
between others, and is not required to make the affidavit and bond re-
quired by articles 4822 and 4823, Revised Statutes, unless he desires to
retain the property in his possession during pendency of the suit; which
could not have been done in this suit, as the property had been sold, and
the only question being adjudicated was who should receive the proceeds.
Smith v. Allen, 28 Texas, 498; Pool v. Sanford, 52 Texas, 621; Legg v.
McNeill, 2 Texas, 428; Eccles v. Hill, 13 Texas, 65; Wright v. Neathery,
14 Texas, 211; Parker v. Nolan, 37 Texas, 85; Morrow v. Short, 3 Texas
Ct. App. C. C., sec. 31; Graves v. Hall, 27 Texas, 148.   Counsel also cited
Railway v. Lee, 69 Texas, 556; Railway v. Schmidt, 61 Texas, 282; Rag-

land v. Wisrock, 61 Texas, 391; Blackwell v. Hunnicut, 69 Texas, 273; Johnson v. Granger, 51 Texas, 45.

ACKER, Presiding Judge.—John P. Irvin brought this suit against J. W. Ellis to recover 150 pine logs, of the value of $600, and sued out a writ of sequestration, under which the sheriff of Jefferson County took possession of the logs and afterwards delivered them to the plaintiff upon executing his bond as required by statute. Irvin sold the logs for $615. Afterwards, appellee W. W. Ellis, by leave of the court, filed his plea in intervention, claiming the logs as his property and praying for judgment against Irvin for them, or in the alternative for their value. The plaintiff filed a general demurrer to the plea in intervention, which was overruled, and the trial by jury resulted in verdict and judgment in favor of intervenor for the value of the logs and interest, and plaintiff appealed.

The first assignment of error is: "The court erred in overruling the plaintiff's special demurrer to the plea of intervention of W. W. Ellis, because there was no oath and bond made and filed in said cause by W. W. Ellis, as claimant for the trial of the right of property, as the statute law requires in such cases, when a writ of sequestration has issued at the instance of the plaintiff against defendant, and the property in dispute has been levied upon by the sheriff under said writ and held by him."

The pleading referred to as a "special demurrer" is in the following language: "And now in this cause comes John P. Irvin, plaintiff in the original suit No. 953, styled John P. Irvin v. J. W. Ellis, and moves this court to dismiss the plea of the intervenor in this case, because that said intervenor does not show by his petition of intervention any cause why he should be permitted to intervene in said suit, and further says that said petition is insufficient in law for intervenor to maintain said suit, and of this he asks judgment of the court."

No particular ground of objection to the plea in intervention is stated in this pleading, and it is clearly nothing more than a general demurrer. The grounds of objection set up in the assignment of error not having been interposed by proper pleading in the court below, can not be considered here, unless those grounds are such as would be reached by general demurrer. The sufficiency of the pleading must be tested by the objections urged against it in the court below. We think, however, that the plea in intervention stated a case that clearly entitled appellee to intervene, whatever objection might have been urged against it. It was alleged that the intervenor was the owner and in possession of the logs when they were seized under the writ of sequestration sued out by Irvin against J. W. Ellis, and taken from his possession and delivered to Irvin. These allegations certainly show that the intervenor had an interest in the subject matter of the suit, which is the ordinary test of the right to inter-

vene.   Peiser v. Peticolas, 48 Texas, 483;  Pool v. Sanford, 52 Texas, 632; Mills v. Swearingen, 67 Texas, 274;  Chandler v. Fulton, 10 Texas, 2.

We think the plea in intervention was proper, and that the court below did not err in so holding.

The next assignment of error presented is:   "The court erred in not granting the plaintiff a new trial in this cause, because the verdict of the jury is insufficient, and unsupported by the evidence in this, that the testimony of the witnesses J. A. Bohler, H. L. Bylerly, and P. Bylerly is positive that the logs in suit were taken from the W. B. Green survey, the property of the plaintiff Irvin.   These witnesses are disinterested and live in the vicinity, and saw the hands of defendant and intervenor every day at work while cutting these logs; and one of the witnesses, J. A. Bohler, says he saw the identical logs cut, put into the water, and came with them to Beaumont, and was present when the logs were sequestered.

The testimony of Thomas H. Langham is certain and positive that the intervenor declared the logs that were sequestered did not belong to him, but belonged to his father, J. W. Ellis, the defendant, at the time the writ of sequestration was levied upon the logs at Beaumont, Texas, near the Reliance Lumber Company's mill, and other like testimony to the same effect."

There was very great conflict in the evidence as to where the logs were cut, whether on the Green survey claimed by the plaintiff, or other surveys claimed by intervenor and his father.   About an equal number of witnesses testified each way.   It was a question of fact for the jury and the trial court, and we have no authority under repeated decisions of this court to disturb the verdict where the evidence is conflicting.

The declaration alleged in the concluding paragraph of this assignment to have been made by the intervenor to the sheriff Langham, appears to have been made after the writ had been levied, and in reply to the suggestion that the plaintiff was willing to compromise.   The logs were in a raft containing logs belonging to the defendant in the writ, J. W. Ellis, and his sons.   The intervenor testified that the sheriff told him the writ was against his father, J. W. Ellis, and that he had levied the writ on logs belonging to his father, and that plaintiff was willing to compromise his claim; that he told the sheriff he had no authority to act for his father in making a compromise with the plaintiff; that he did not know at the time of his conversation with the sheriff what particular logs had been seized under the writ; and that he owned the long logs described in the sheriff's return on the writ.   Other witnesses testified that intervenor owned the logs claimed by him.   This evidence, it seems to us, satisfactorily explains the declaration in a manner entirely consistent with the good faith of intervenor's claim.

Under the fifth and last assignment presented it is contended that " the court erred in its charge in regard to the claim of the intervenor in

not instructing the jury that the intervenor was estopped from claiming the timber after having made the declaration to the sheriff" in regard to the ownership of the logs.

We might dispose of this assignment with the statement that no special charge was requested on the alleged neglected issue, but we think it clear from the foregoing statement of the evidence relating to the declaration that the law of estoppel has no application to this case. "An estoppel *in pais* is the effect of the voluntary conduct of a party whereby he is precluded, both at law and in equity, from asserting the rights which might perhaps have otherwise existed, either of property, of contract, or of remedy, as against another person who has in good faith relied upon such conduct, and has been led thereby to change his position for the worse, and who on his part acquires some corresponding right either of property, of contract, or of remedy." Bridges v. Johnson, 69 Texas, 717; Bynum v. Preston, Id., 287. The plaintiff was not induced by the declaration to change his position at all—the levy had been made; nor did the intervenor acquire any right thereby.

We find no error in the record, and are of opinion that the judgment of the court below should be affirmed.

*Affirmed.*

Adopted January 21, 1890.