UNITED STATES CARRIAGE CO. v. BAY CITY BUGGY WORKS.

No. 757.

**Attachment Against Claimant—Property In Custodia Legis.**

Property in the hands of a claimant who has given bond therefor under article 4823 of the Revised Statutes, as re-enacted in 1887, is, pending the claim proceedings, in custodia legis, in the sense that the claimant's possession thereof is protected against levies from any source except subsequent writs against the original defendants.

APPEAL from County Court of Dallas. Tried below before HON. T. F. NASH.

*Jeff Word, F. Reeves,* and *D. A. Eldridge,* for appellant.—When property seized by a writ of attachment is delivered by the officer to a claimant presenting a proper claim bond, it is no longer in the custody of the law, and is subject to seizure by any valid writ against the claimant. Articles 4822, 4823, 4843, Revised Statutes of Texas; Frieberg v. Elliott, 64 Texas, 367; Brown Mfg. Co. v. Watson, 3 Wilson's Civ. Cases, sec. 330.

*Dickson & Moroney,* for appellees.—Property in the hands of a claimant pending a suit for trial of right of property is in custodia legis, and

cannot be lawfully attached in a suit against the claimant. Rev. Stats., art. 4823, as amended by Act of Apr. 2, 1887; Hagan v. Lucas, 10 Pet., 400; Pipher v. Fordyce, 88 Ind., 436; Goodheart v. Bowen, 2 Bradw., 578; Williams v. Dismukes, 17 South. Rep., 620; Drake on Attachment (7 ed.), secs. 251, 327, 331; Freeman on Executions, sec. 129; Cobbey on Replevin, sec. 705; Wells on Replevin, sec. 480.

JAMES, CHIEF JUSTICE.—The case appears from the following statement:

W. F. Short brought suit in the District Court against W. E. Love and attached the property in question as the property of Love. Appellee took the property under a claim bond. Thereafter appellant sued appellee (the claimant) for debt, and attached the property in his possession.

The court held this attachment to be wrongful, on the ground that the statute of 1887, relating to the trial of the right of property declared property in the hands of a claimant pending the proceedings relative to the claim, to be in custodia legis, and therefore exempt from seizure by such writ. The suit involving the right of property was still undetermined. The correctness of this ruling is the one question upon which appellant asks a reversal.

Previous to said Act, the rule had been declared in this State to be that property so circumstanced was not in custodia legis. Frieberg v. Elliot, 64 Texas, 367.

Article 4823, as re-enacted in 1887, reads as follows:

"He shall also execute and deliver to the officer who made such levy his bond, with two or more good and sufficient sureties, to be approved by such officer, payable to the plaintiff in such writ, for an amount equal to double the value of the property so claimed, to be assessed by such officer: Provided, however, That when more than one writ has been levied, said bond may be made payable to all the plaintiffs in the several writs levied. Said bond shall inure to the benefit of all the plaintiffs in the several writs according to their respective priorities in time of levy. Upon the approval of such bond and delivery of the property to the claimant, the same shall be deemed in custodia legis, and shall not be taken out of his possession by any other like writs, but said writs may be levied on the same by giving notice to the claimant, and in such cases the claimant's bond shall also inure to the benefit of the several plaintiffs in such writs according to their respective priorities."

We entertain no doubt that the amendment was intended to have like effect upon all cases where property is taken by a claim bond, whether the levy has been made by one or more writs.

The question then is, what is the effect, if any, of the proviso upon the rule that the property is not in custodia legis after the giving of the bond by the claimant? As the article stood originally, the property was subject to be levied on by subsequent writs directed against the defendant in the suit, and also by writ issued against the claimant. The article as amended leaves the property subject to additional writs against

the defendant, but provides a special mode of levy; therefore the property is not, under the amendment, in custodia legis as to such writs. If the legislature meant that this provision as to the manner of levying subsequent attachments was placing the property as in custodia legis, it misconceived the well understood meaning of that expression; and we should not give. it that sense, unless it be unmistakable that the legislature so intended it.

It is quite clear that all appellant claims for the latter portion of the re-enacted article, viz., that it makes the property in the hands of the claimant subject to levy under subsequent writs against the same defendant in a particular manner—would be accomplished without reference to, or aid from, the clause declaring the property to be in custodia legis. In other words, the clause would be superfluous and without meaning, if, as appellant argues, the legislature intended nothing more than to enact a special mode of levying subsequent writs.

We should not presume that it intended nothing by the clause, or that it was inserted without any purpose. It appears to us that the correct interpretation of the article as re-enacted, and the one that gives effect to all its provisions, is that the property, after the bond is given, and in the hands of the claimant, pending the proceeding, is in custodia legis in the sense that his possession thereof is protected against levies from any source, except subsequent writs against the original defendant. This gives effect to the clause relative to custodia legis, and also to what follows it, which in our opinion is intended as an exception and to authorize the levy of a certain class of writs upon the property.

By the amended article, liability is imposed upon the claimant and his sureties, by virtue of the bond, for the full value of the property in case of further writs; and there are obvious good and just reasons for securing him in the possession thereof, until the issue is determined.

The court did not err in holding the attachment wrongful. This being the only matter presented by appellant, and appellee having indicated its desire to waive the cross assignments in case the said ruling was sustained, the judgment will be affirmed.

*Affirmed.*

Delivered December 11,1895.