### STEWART v. HOWELL CO. et al.
### (No. 9133.)

(Court of Civil Appeals of Texas. Dallas. May 17, 1924. Rehearing Denied June 21, 1924.)

**1. Attachment ⬅298—Officer, receiving proper affidavit and bond of one claiming attached property, bound to deliver property to such claimant.**

Proper affidavit and bond, as provided by Vernon's Sayles' Ann. Civ. St. 1914, arts. 7769–7771, inclusive, having been tendered constable by one claiming title to property seized under writ of attachment, it was duty of such officer to receive affidavit and approve bond, and by article 7772, on receiving such oath and bond, to deliver property to claimant.

**2. Courts ⬅478—Jurisdiction to determine claim of ownership in attachment.**

Where writ of attachment was levied on certificate of stock, but claimant of such stock, pursuant to Vernon's Sayles' Ann. Civ. St. 1914, arts. 7769–7795, filed proceedings in another judicial district court for trial of ownership, return to latter court of claimant's oath and bond, under which stock was delivered to claimant, invoked its jurisdiction, which at once attached to exclusion of all other courts to hear and finally determine question of ownership.

**3. Attachment ⬅178, 298—Pro rata share of undivided corporate profits, held seized by levy on stock before declaration of dividend and passed to claimant.**

Where stock in corporation was levied on prior to time when corporation declared dividend, earnings or undivided profits of corporation at time of levy constituted, pro rata, part of stock certificates issued by it, and pro rata share of such undivided profits properly accredited to stock levied on was seized by attachment and passed to claimant, within Vernon's Sayles' Ann. Civ. St. 1914, arts. 7769–7771, inclusive, under her claim bond and affidavit.

**4. Garnishment ⬅148—Garnishee held entitled to discharge on its answer because of levy made under attachment.**

Where writ of garnishment was served after attachment of defendant's certificate of stock in garnishee corporation, prior to declaration of dividends, *held* that, attachment having carried with it any amount payable by garnishee as dividends on such stock, it was entitled to discharge, on its answer, from liability on account of garnishment.

**5. Appeal and error ⬅1039(6)—Erroneously sustaining plea to jurisdiction held harmless, proper disposition of case having been made.**

Action of trial court in erroneously sustaining plea to the jurisdiction *held* harmless error, where proper disposition of case was made.

**6. Garnishment ⬅191—Costs of proceedings, including compensation to garnishee by way of attorney's fees, held properly taxed against plaintiff.**

Where garnishee was entitled to discharge on his answer, which it, as a noncombatant, was required to make to escape liability, and by force of which judgment was entered, relieving it from liability, it should be treated as in fact discharged upon its answers, so that costs of proceedings, including compensation to it by way of attorney's fees, were properly taxed against plaintiff, in view of Vernon's Sayles' Ann. Civ. St. 1914, art. 303.

Appeal from District Court, Dallas County; Kenneth Foree, Judge.

Suit by E. A. Stewart against J. Geo. Brinkman, in which the Howell Company was made garnishee, the latter impleading the named defendant and Mrs. Pauline W. Brinkman. From a judgment sustaining a plea to the jurisdiction of the court, interposed by Pauline W. Brinkman, and discharging the garnishee, plaintiff appeals. Affirmed.

John T. Gano, of Dallas, for appellant.
Dabney, Goggans & Ritchie, of Dallas, for appellees.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

VAUGHAN, J. On the 11th day of May, 1921, appellant filed his suit against J. Geo. Brinkman for debt, in the sum of $8,415, in the Fourteenth judicial district court, styled E. A. Stewart v. J. Geo. Brinkman, No. 38878–A, and on the same day filed his affidavit and bond for writ of attachment, which was promptly issued and placed in the hands of Harry Guggenheim, constable of precinct No. 7, of Dallas county, for service. On the 11th day of May, 1921, said writ of attachment was levied on certain shares of the capital stock of the Howell Company, a private corporation, represented by certificate No. 29, dated May 11, 1921, attached as the property of J. Geo. Brinkman. On July 11, 1921, appellant, as plaintiff in said cause No 38878–A, procured a writ of garnishment to be issued against the Howell Company, as garnishee, which was served on the date of issuance.

On the 2d day of September, 1921, Mrs. Pauline W. Brinkman, one of the appellees, filed with said constable a claimant's affidavit and bond as provided by law, claiming title to the shares of stock seized by said writ of attachment; whereupon said officer returned the writ of attachment to the court issuing same, with his return thereon showing the attachment of said shares of stock, the claim made thereto by said appellee, Pauline W. Brinkman, under her claimant's oath and bond in the sum of $25,000, with Southern Surety Company as surety, and further showing the delivery of said shares of stock to said appellee, and that he had filed said claimant's oath and bond with the district clerk of Dallas county, who thereupon docketed same under the name and style of E. A. Stewart et al. v. Pauline W. Brinkman et al., No. 40107–C, in the Sixty-Eighth judicial district court of Dallas county, Texas, where, in so far as disclosed by the record said suit is now pending, undecided.

On the 14th day of October, 1921, garnishee filed its answer to said writ of garnishment, denying that it was, at the time of the service of said writ or at the time of filing said answer, indebted to the said J. Geo. Brinkman in any amount, or that it had any effects of the said J. Geo. Brinkman in its possession when said writ was served, or at the time of the filing of said answer; and, further, that it had no knowledge of any persons who were indebted to said J. Geo. Brinkman or had effects belonging to him in their possession. Said answer further disclosed that 125 shares of the capital stock of garnishee, represented by certificate No. 29 so levied upon, stood on its books in the name of J. Geo. Brinkman at the time of the service of said writ of garnishment and the filing of said answer.

By said answer J. Geo. Brinkman, the original defendant in said cause No. 38878–A,

264 S.W.—14

and appellee Mrs. Pauline W. Brinkman were interpleaded in said garnishment proceedings that, the ownership of said shares of stock then standing in the name of J. Geo. Brinkman on the books of garnishee, and which had been seized by said writ of attachment should be determined, so that said garnishee would be protected by the judgment of the court from a double liability on account of the adverse and conflicting claims of ownership made to said stock. Thereafter, in said cause No. 38878–A, judgment was duly rendered in behalf of appellant against the said J. Geo. Brinkman for the sum of $8,000.

On the 8th day of March, 1922, appellant filed his affidavit controverting the answer of garnishee only as to the ownership of said 125 shares of the capital stock, alleging that J. Geo. Brinkman, at the time of the filing of said answer and at the time of the service of the writ of garnishment, was the owner, and that Pauline W. Brinkman was not the owner, of said shares, nor was she the owner of same at the time said writ was served.

On April 1, 1922, a dividend was declared by the Howell Company, garnishee, payable as of January 1, 1922, in the amount of $1,250, to the owner (whoever he might be) of said certificate No. 29. On April 11, 1923, appellee Pauline W. Brinkman, joined pro forma by her husband, said J. Geo. Brinkman, filed her answer in said garnishment suit comprising several pleas, of which it is only necessary to discuss the issue presented by her plea to the jurisdiction, based on the theory that, by reason of the execution and filing of said claimant's oath and bond as provided by the statutes of Texas, and the return of same by the officer executing the writ of attachment to the Sixty-Eighth judicial district court, the Fourteenth judicial district court was without jurisdiction over the subject-matter involved in this garnishment suit, same being the identical shares of stock described in said oath and bond presented for the trial of right of property.

On the 11th day of April, 1923, judgment was rendered by the trial court sustaining said plea to the jurisdiction of said court, discharging the garnishee, the Howell Company, from any liability by reason of the service of said writ of garnishment and taxing against appellant all costs accrued in said proceedings, including $250 allowed attorneys for filing answer and representing garnishee therein. From this judgment, appellant prosecuted his appeal.

The six propositions presented by appellant in support of his appeal present but two questions to be here determined. First, whether or not the plea to the jurisdiction was properly sustained; second, were the court costs incurred in the garnishment proceedings, including the $250 attorney's fees, properly adjudged against appellant? Arti-

cles 7769 to 7795, inclusive, V. S. T. C. S. 1914, were intended to provide a complete and exclusive plan of procedure for the trial of right of any personal property seized by a lawful officer by virtue of a writ of execution, sequestration, attachment or like writ, when claimed by any person not a party to the writ by virtue of which seizure was made. This is clearly indicated in the case of Carter v. Carter, 36 Tex. 693, in which it is held:

"A claimant of property which has been levied on as the property of another cannot assert his title to the property by intervention without bond. He must proceed according to the statute." Irvin v. Ellis, 76 Tex. 164, 13 S. W. 22; Ferguson v. Herring, 49 Tex. 129; Lang v. Dougherty, 74 Tex. 226, 12 S. W. 29.

[1] Proper affidavit and bond as provided by said articles 7769 to 7771, inclusive, being tendered, it was the duty of the officer to receive same and approve the bond, and, by article 7772, Id., on receiving such oath and bond, to deliver the property so claimed to appellee Brinkman, the person making and presenting same.

The jurisdiction of the Fourteenth judicial district court in which the original proceedings were instituted attached exclusively as to the subject-matter involved in said suit, being the cause of action thereby asserted against the defendant therein. This jurisdiction extended to the institution of the ancillary proceedings, to wit, the writ of attachment and the writ of garnishment based thereon, which jurisdiction, having properly attached, could neither be renounced or evaded by that court, or interfered with by any other. The writ of attachment was levied on the certificate of stock involved through the lawful exercise of the jurisdiction of the Fourteenth judicial district court, and, but for the filing of the proceedings for the trial or right of property, that jurisdiction would have continued for the purpose of disposing of all issues that could have properly been made with reference to the levy of said writ, the foreclosure of the lien created thereby, and the sale of said stock under the judgment of that court.

[2] When appellee Pauline W. Brinkman presented her affidavit and bond, as claimant of the stock seized by the writ of attachment, a controversy sprang into existence which was not involved in the original proceedings instituted before the Fourteenth judicial district court; therefore, its jurisdiction in reference to same had not attached and could not have been invoked for the purpose of trying the issue presented by said claim, except by the officer acting under articles 7773 and 7778, Id., making return of such oath and bond to said court as a proper court having jurisdiction to try such claim.

The return of said claimant's oath and bond to the Sixty-Eighth judicial district court invoked the jurisdiction of that court, and same at once attached to the exclusion of all other courts to hear and determine to a final adjudication all questions concerning ownership of said stock so claimed by appellee Pauline W. Brinkman to be her stock, and, on the other hand, asserted by appellant to be the property of J. Geo. Brinkman, and, therefore, subject to be seized and sold under the levy of said writ of attachment for the purpose of satisfying appellant's judgment against said J. Geo. Brinkman. Articles 7773 and 7778, Id.

As we view the law governing the proceedings involved, there never was, at any time, any conflict of jurisdiction between the above courts, or any occasion for a plea to the jurisdiction to be presented by appellee Pauline W. Brinkman. Certainly it will be conceded that such plea had no place in the proceedings of the trial court as to the certificate of stock seized by the writ of attachment. When seized, the stock in possession of the officer executing the writ was in custodia legis, and likewise remained when delivered to the claimant, appellee Brinkman, under her claim bond and affidavit (article 7770, Id.; U. S. Carriage Co. v. Bay City Buggy Works, 12 Tex. Civ. App. 52, 33 S. W. 381); and thereafter the Fourteenth judicial district court did not have the legal power and authority to further assert its jurisdiction over said property and, as shown by the record, had not attempted to do so after said certificate had been so delivered. If said court, by its judgment, had foreclosed the attachment lien created by the levy of its writ of attachment on said stock, and ordered the sale of same to have been made, such judgment and proceedings thereunder would have been void ab initio. Therefore a purchaser at such sale would not have acquired even a shadow of title.

[3, 4] The writ of garnishment was served after the writ of attachment had been levied on the certificate of stock, and prior to the time the earnings of the Howell Company, on its stock, had been apportioned and declared as a dividend between the respective stockholders. The dividend of $1,250 not having been declared in favor of the holder of the stock certificate at the time the writ of attachment was levied, did the then existing earnings or undivided profits, to the extent of $1,250 thereof, representing the amount of the dividend declared in favor of said stock certificate No. 29, constitute a part of said stock so that it was seized by the levy on the stock as a part of the value of same? This, we think, should be answered in the affirmative. Therefore, we hold that at the time of the levy of the writ of attachment, the earnings or undivided profits of the Howell Company constituted, pro rata, a part of the

stock certificates issued by it and in the hands of its different stockholders, and that the pro rata share of such undivided profits, properly accredited to the stock levied upon, was seized by said writ of attachment and passed to the claimant under her claim bond and affidavit. Hence it follows that garnishee should have been discharged on its answer from liability on account of the service of said writ of garnishment. This, of course, without prejudice, or in any respect affecting the rights of the parties to said stock in the trial of the right of property thereto.

[5, 6] The error committed by the trial court in sustaining the plea of jurisdiction was harmless, as a proper disposition of the case was made. As to the cost adjudged against appellant, it is sufficient to say that the garnishee was entitled to a discharge upon his answer and, as it was perforce of his answer, which garnishee was required to make in order to escape liability, that judgment was entered relieving garnishee from liability. We should, therefore, treat the garnishee as having been in fact discharged upon its answer, and that the costs of the proceeding, including the compensation to the garnishee by way of attorney's fees, were properly taxed against appellant. Article 303, V. S. T. C. S. 1914.

The garnishee did not defend or make a defense on his own answer and responsibility but remained a noncombatant, being content to interplead the adverse claimant to the rights asserted by appellant, not only that such claimant might have the opportunity of presenting such adverse claim, but that in the course of the proceedings garnishee would be protected in its further dealings with the property claimed by appellant to have been impounded by said writ of garnishment. Reed v. Walsh (Tex. Civ. App.) 63 S. W. 940.

There being no reversible error in the proceedings, we are of the opinion that same should be affirmed; and it is so ordered.

Affirmed.