# SECOND DISTRICT, 1896.

Western Union Telegraph Co. v. Mary Clark et al.

Delivered November 7, 1896.

**1. Jurisdiction—Non-Residents and Foreign Corporation as Parties.**

The courts of Texas will take jurisdiction of an action by residents of the Indian Territory against a foreign corporation doing business in Texas. Following Telegraph Co. v. Phillips, 21 S. W. Rep., 638.

**2. Telegraph Company—Beneficiary of Message.**

A telegram sent by a daughter to her mother, informing the mother of the daughter's illness, is sent as well for the benefit of the mother as of the daughter, and the mother may maintain an action for failure to deliver it.

**3. Same—Failure to Deliver Telegram—Damages not too Remote.**

The damages are not too remote and contingent, where it appears that the addressee of the telegram for failure to deliver which the action is brought was at the time temporarily beyond the free delivery limits of the company, and whether the telegram would have accomplished its purpose depended upon whether those at the residence of the addressee within the free delivery limits, would have promptly communicated it to the addressee, had it been delivered to them.

Appeal from Cooke. Tried before J. H. Garnett, Esq., Special Judge.

*Wilkins & Vinson,* for appellant.—1. Plaintiffs and defendant were all non-residents of the State of Texas, and the cause of action accrued in the Indian Territory, where defendant had an agent upon whom process could be served, and the trial court should not have assumed and retained jurisdiction of the cause. Morris v. Railway, 78 Texas, 17; Telegraph Co. v. Phillips, 21 S. W. Rep., 638; Telegraph Co. v. Russell, 33 S. W. Rep., 708; Railway v. Jackson, 33 S. W. Rep., 857; Cole v. Cunningham, 133 U. S., 107; Railway v. Miller, 19 Mich., 305.

2. The message was not sent for the benefit of Mary Clark, but was sent for the benefit alone of Ellen Standley, and Mary Clark had no rights under the contract to transmit and deliver said message. Railway v. Levy, 59 Texas, 563; Stuart v. Telegraph Co., 66 Texas, 580; Telegraph Co. v. Adams, 75 Texas, 531; Telegraph Co. v. Feegles, 75 Texas, 537; Telegraph Co. v. Moore, 76 Texas, 66; Telegraph Co. v. Grimes, 82 Texas, 89; Telegraph Co. v. Houghton, 26 S. W. Rep., 448; Telegraph Co. v. Beringer, 84 Texas, 39.

3. If the message had been delivered to Mary Clark's daughters in Duncan, or either of them, the conditions upon which the same was to be finally delivered to Mary Clark and she gotten to the railroad and to her daughter, were too uncertain and depended upon too many contin-

gencies to form a basis of recovery in this cause. Telegraph Co. v. Motley, 27 S. W. Rep., 51; Telegraph Co. v. Linn, 26 S. W. Rep., 490; Smith v. Telegraph Co., 76 Texas, 253; Cannons v. Telegraph Co., 100 N. C., 300; Duncan v. Telegraph Co., 58 N. W. Rep., 75; Smith v. Telegraph Co., 83 Ky., 114; Coggin v. Telegraph Co., 68 Fed. Rep., 137.

*Potter & Potter*, for appellees.—1. The message bore on its face evidence and notice that the appellee Mrs. Clark had an interest therein, and the mere statement by Mrs. Standley during her sickness that she wanted her mother to nurse her does not change the import of the message in this respect. Telegraph Co. v. Hale, 32 S. W. Rep., 814.

2. The damages sought to be recovered were not too remote, and do not depend on any contingencies that were beyond the reasonable contemplation of the parties at the time they entered into the contract. Telegraph Co. v. Smith, 33 S. W. Rep., 742; Telegraph Co. v. Randall, 34 S. W. Rep., 447.

STEPHENS, ASSOCIATE JUSTICE.—The following telegram was sent at the instance of Mrs. Ellen Standley from Bridgeport, Texas, to her mother, Mrs. Mary Clark, at Duncan, Indian Territory: "I am sick. Come."

Mrs. Clark lived with her daughter, Mrs. J. C. Studebaker, at Duncan, but at the time the message was sent and received at appellant's office in Duncan, was temporarily absent, and had been for two or three days, visiting relatives a few miles in the country. Mrs. Standley also lived in the country about twelve miles from Bridgeport.

The telegram was sent on the morning of July 2, and Mrs. Standley died July 3, and was buried on the 4th. It was never delivered, and in consequence thereof Mrs. Clark failed to be with her daughter either in the last sickness or at the funeral, and hence recovered judgment in the sum of $1000.

The controverted issue of fact upon the trial was whether appellant had used due diligence to deliver the message to Mrs. Clark, she being at the time temporarily beyond the free delivery limits, though Mrs. Studebaker, with whom she made her home, lived within such limits. Upon this issue the evidence was conflicting, but it sustains the verdict affirming the want of such diligence.

Had the proper diligence been used, the evidence justifies the inference that appellant would have learned that Mrs. Clark lived with her daughter in Duncan, who was authorized to receive the message for her; and had it been delivered at the home of Mrs. Studebaker, Mrs. Clark would have received it in time to have reached her daughter before her death, or at least in time to have been present at the funeral.

Several objections are taken to the court's charge, which is set out in appellant's brief, but it seems to us to be an exceptionally clear and accurate statement of the law as applied to the facts of this case. We

therefore overrule all of the assignments complaining of the charge or of the court's refusal to give requested instructions.

Errors are also assigned to other portions of the record, but as the printed argument filed by appellant evolves and discusses the important questions, we will consider only what is there presented.

The first point argued is the insufficiency of the petition. It was excepted to upon the ground that it failed to show the means through which the message would have reached Mrs. Clark. But it did show with sufficient certainty, we think, that but for the negligence of appellant its contents would have been promptly communicated to her, and that she would have at once gone to the bedside of her daughter, and been present with her in her last sickness.

It is next contended that as Mrs. Clark was not then within the free delivery limits, appellant was under no obligation to deliver the message to Mrs. Studebaker or at her residence. It seems to us that the undertaking of the telegraph company was to use due diligence to make a prompt delivery of the message to Mrs. Clark, and that had such diligent effort been made it would have learned where Mrs. Clark lived and of her temporary absence, and would have left the message at her place of abode, with the person or persons there authorized to receive it, through whom it would have been communicated to her. This view, as already seen, is very clearly expressed in the court's charge.

The next question discussed is one of jurisdiction. It is contended that inasmuch as appellees, Mrs. Clark and her husband, alleged in their petition their residence at Duncan, Indian Territory, and sued a foreign corporation doing business in Texas, the action is not one of which the courts of Texas should take jurisdiction. We had occasion to consider this question in the Phillips case (21 S. W. Rep., 638), and the conclusion there expressed in an able opinion by Justice Head is adverse to this contention. It is true, in that case the defendant in the action was a Texas corporation, but as our statute makes no distinction between a corporation chartered here and one chartered elsewhere and doing business here, so far as bringing suits against them is concerned (Revised Statutes, art. 1194, secs. 23 and 25), we are of opinion that there is no material difference between the two cases.

It is next argued that the message was not sent for the benefit of Mrs. Clark, but exclusively for the benefit of Mrs. Standley. It is clear that it was sent for the benefit of Mrs. Standley, but we are of opinion also that the message itself, in connection with the relation between the parties, indicates that it was sent for the benefit of Mrs. Clark as well.

It is finally argued that the damages sought to be recovered were too remote and contingent, in that whether Mrs. Clark would have reached her daughter in Texas in time depended upon whether her daughter at Duncan, had the message been promptly delivered to her, would have promptly transmitted it directly to her mother, or through her brother at Marlow, who, it was testified, would have carried it to their mother

and brought her to the train in time for the message to have accomplished its object. We are of opinion that the authority cited in support of this position (Telegraph Co. v. Motley, 27 S. W. Rep., 52) does not sustain it.

Finding no material error in any of the assignments, we affirm the judgment.

*Affirmed.*