SOUTHERN PACIFIC COMPANY v. JOSEPH H. GODFREY.

Decided January 22, 1908.

1.—Venue—Foreign Corporation—Evidence.

In a suit against the Southern Pacific Company in El Paso County, evidence upon a plea of privilege to be sued in Harris County, considered, and held insufficient to support said plea, and sufficient to support the jurisdiction of the El Paso court.

2.—Federal Precedents—Not Binding, when.

The decisions of the Federal Courts on questions of jurisdiction are not binding on the courts of this State when no Federal question is involved,

**3.—Evidence—Railroad Folders.**

The statements contained in folders issued by railroad companies, are competent evidence against them on a question of venue, and the fact that they are issued or intended only as advertisements, does not render them incompetent.

**4.—Venue—Transitory Action.**

A citizen of Arizona may sue a foreign corporation in this State for personal injuries received in Arizona. Such actions are transitory and may be instituted wherever the defendant is found.

**5.—Negligence—Pleading—Particularity.**

In a suit against a railroad company for personal injuries caused by the negligence of the defendant in loading a car with lumber, pleading of plaintiff considered, and held sufficient to put the defendant upon notice of what it was expected to meet on the trial, and therefore sufficiently specific.

**6.—Charge—Invited Error.**

A party cannot complain of the submission of a certain issue to the jury when he requested the submission of the same issue in a special charge.

**7.—Railroads—Loading Cars—Expert Testimony.**

The qualifications of a witness to testify as to the consequences of loading a railroad car with lumber in a certain manner, considered, and held sufficient to admit his testimony as an expert.

**8.—Master and Servant—Safe Appliances.**

A servant has the right to assume, not only that his master will endeavor to do his duty in the matter of furnishing safe appliances, but that he will absolutely do it.

**9.—Assumed Risk—Federal and State Rule.**

The rule announced by the Federal courts is the same as that announced by the State courts in the matter of assumed risk.

Appeal from the District Court of El Paso County. Tried below before Hon. J. M. Goggin.

*Beall & Kemp,* for appellant.—The defendant's plea of privilege negatived every fact fixing the venue of the case in El Paso County, and expressed the defendant's privilege and right to be sued in Harris County, and was fully sustained by the evidence, and the court erred in overruling said plea and compelling the defendant to go to trial in El Paso County. Peterson v. C., R. I. & P. R. R. Co.; Green v. C., B. & Q. R. Co., see Law. Co-op. Pub. Co. advance sheets, U. S. Sup. Ct. Decisions of May 15, 1907, p. 513, and June 1, 1907, p. 595; art. 1194, sec. 25, Rev. Stats., 1895; Acts, 26 Leg., p. 31; Acts, 1905, 28 Leg., p. 29; Texas Central R. R. Co. v. Marrs, 101 S. W. Rep., 1177; St. Louis, I. M. & S. Ry. Co. v. White & Co., 97 Texas, 495.

Service on local agent necessary. National Cereal Co. v. Earnest, 87 S. W. Rep., 734; Mexican Cent. Ry. Co. v. Pinkney, 149 U. S., 201.

Pleas of privilege sustained. Texas & P. Ry. Co. v. Lynch, 75 S. W. Rep., 486; St. Louis, I. M. & S. Ry. Co. v. White & Co., 97 Texas, 495; St. Louis, A. & T. R. Co. v. Whitley, 77 Texas, 127; St. Louis S. W. Ry. Co. v. McKnight, 99 Texas, 289; Atchison, T. & S. F. Ry. Co. v. Forbis, 35 Texas Civ. App., 255; Texas & P,

Ry. Co. v. Edmisson, 52 S. W. Rep., 635; Atchison, T. & S. F. Ry. Co. v. Waddell Bros., 38 Texas Civ. App., 434; American Refrig. Trans. Co. v. Chandler, 93 S. W. Rep., 243.

Said folder was simply an advertising sheet issued for the benefit of shippers and passengers, and the public at large; did not tend to prove any issue in this case and was not admissible in the nature of an admission, and was not shown to have emanated from the Southern Pacific Company. Peterson v. C., R. I. & P. R. Co.; Green v. C., B. & Q. R. Co.; advance sheets Law. Co-op. Pub. Co., U. S. Sup. Ct., May 15, 1907, p. 513, and June 1, 1907.

Where the cause of action did not arise in Texas, and is entirely between parties, not citizens of Texas, and nonresidents thereof, and the defendant is carrying on its business and may be found where the cause of action arose, and where the plaintiff resides, there is no principle of comity that requires the courts of Texas to take jurisdiction. Mexican Nat. Ry. Co. v. Jackson, 89 Texas, 113-116; DeHarn v. Mex. Nat. Ry. Co., 86 Texas, 69; Morris v. M. P. Ry. Co., 78 Texas, 21; Wells on Jur., sec. 115; Rorer on Int. Law, 2d ed., 6.

A servant has no right to assume that the master has absolutely done its duty, but is entitled only to assume that the master has exercised ordinary care in endeavoring to discharge the duties devolving upon it. International & G. N. Ry. Co. v. Von Hoesen, 91 S. W. Rep., 604; Price v. Consumers Cotton Oil Co., 41 Texas Civ. App., 47; Hightower v. Gray, 36 Texas Civ. App., 674; Kohn v. McNulta, 147 U. S., 238. (L. C. P. Co. ed. B. 37, 150); Motey v. Pickle Marble & Granite Co., 74 Fed. Rep., 155.

As the plaintiff's contract for employment arose in Arizona and his cause of action arose there, it was error to charge the Texas rule relating to assumed risk which is strictly in the interest of the employe, but the court should have charged the rule as announced by the Supreme Court of the United States, and the Federal Courts. Tuttle v. Detroit, G. H. & M. Ry. Co., 122 U. S., 189. (L. C. P. Co. B. 30, 1116.)

The court erred in refusing the defendant's special instruction No. 3, which was as follows: "It is a general principle of law that one who accepts employment at the hands of another, assumes all the ordinary risks incident to his employment, and can not recover for injuries resulting therefrom, and as a general rule it is not the duty of the employer to instruct him as to, or warn him of the dangers ordinarily incident and common to his employment, unless information is asked. Missouri Pac. Ry. Co. v. Watts, 64 Texas, 568; Missouri Pac. Ry. Co. v. Callbreath, 66 Texas, 526; Missouri Pac. Ry. & I. & G. N. Ry. Co. v. White, 76 Texas, 103.

The duty to warn or instruct arises only when the dictates of ordinary prudence demand it in the light of particular circumstances. Against dangers, as apparent to the servant as to the master, there is ordinarily no such duty, because there is no necessity. Texas & N. O. R. R. Co. v. Sherman, 87 S. W. Rep., 887.

*Patterson & Wallace*, for appellee.—The court did not err in over-

ruling defendant's special demurrer raising the question of juris-
diction, because "where the action is transitory, and is based on
personal injuries, recognized as such by universal law, the suit may
be brought where the aggressor is found irrespective of the provisions
of the local law, or whether there be any local law at all in force
at the place where the wrong was inflicted." Missouri, K. & T.
Ry. Co. v. Godair, 87 S. W. Rep., 871; Atchison, T. & S. F. Ry.
Co. v. Keller, 76 S. W. Rep., 802; Willis v. Mo. Pac., 61 Texas, 432.

The court did not err in overruling defendant's special demurrer.

First.   Because in an action against a railroad company an em-
ploye is not presumed to know of the unsafe and dangerous condi-
tion of the machinery and loads on a car, and an allegation stating
that the injury was caused by the defective and unsafe condition
of the car or load thereon is sufficient without specifying the par-
ticular defects or pleading the evidence showing how the defect
could be remedied and the accident avoided.   Second.   Because the
pleading was sufficient in that it showed wherein the load was de-
fective and improperly fastened and maintained on the side and top,
which allowed the load of lumber to shift and get out of position.
Galveston, H. & S. A. Ry. Co. v. Abbey, 29 Texas Civ. App., 211;
Gulf, C. & S. Ry. Co. v. Haden, 68 S. W. Rep., 531; Galveston,
H. & S. A. Ry. Co. v. Templeton, 87 Texas, 46; East Line & R. R.
Ry. Co. v. Brinker, 68 Texas, 502; Oriental v. Barclay, 16 Texas
Civ. App., 211; Miller v. Itasca Oil Co., 41 S. W. Rep., 366; Gulf,
etc., Ry. Co. v. Johnson, 83 Texas, 630.

The court did not err in charging the jury that the servant "may
assume that the master has done his duty," for the reason that
under the law the servant has the right to assume or presume that
the master has performed his duty in providing a reasonably safe
place for the servant to work.   Texas & N. O. Ry. Co. v. Bingle, 91
Texas, 287; Missouri, K. & T. Ry. Co. v. Milam, 20 Texas Civ.
App., 696; Southern P. Co. v. Winton, 66 S. W. Rep., 481; Mis-
souri, K. & T. Ry. Co. v. Hannig, 91 Texas, 347.

FLY, ASSOCIATE JUSTICE.—This is a suit for damages by appellee,
who alleged that he was a resident of Arizona Territory, and, while
employed by appellant, as a brakeman on a freight train, that he
was injured through the negligent manner in which a car was loaded
with lumber, on account of which negligence the lumber slid for-
ward, precipitating him to the track, where his right hand was
so badly crushed as to require amputation of the fingers and thumb.
Appellant answered by a plea of privilege to be sued in Harris
County, Texas, which plea was overruled.   It then answered by a
plea to the jurisdiction which was overruled, and it then answered
by general and special demurrers, and set up assumed risk, contribu-
tory negligence and unavoidable accident.   A trial by jury resulted
in a verdict and judgment for appellee for $5,000.

We conclude that the facts justified the jury in finding that ap-
pellant was guilty of negligence in the manner that it loaded and
secured the lumber on its car, and that its negligence was the proxi-
mate cause of the injuries inflicted on appellee,

Through the first assignment the claim is made that appellant's plea of privilege to be sued in Harris County should have been sustained. The proof that appellant introduced to show that the Southern Pacific Company had an agent in Houston was that it had agents there representing the "Southern Pacific's Steamship Lines," and did not indicate that appellant had any more control over those lines than it has over the Galveston, Harrisburg & San Antonio Railway and the other railroads that form the Southern Pacific system through the State of Texas. The evidence conclusively established the fact that appellant had its agents in El Paso and that it has the same president and exercises the same authority over the Texas lines as over the line that runs through California, Arizona and New Mexico. The private arrangements that may be made as to the pro rata of profits to be given each line is a matter of no concern to the general public, but when appellant holds itself out as controlling the lines from San Francisco to New Orleans, when its uniformed servants run from California, across Arizona, into Texas, when the equipments carry the name of appellant, and when all the circumstances point irresistibly to the fact that the Southern Pacific Company controls the Galveston, Harrisburg & San Antonio Railway, persons along the line can not be deprived of the right to sue it wherever it has an agent, in spite of the fiction that the railroad of the Southern Pacific Company ends in the middle of the Rio Grande on the line between New Mexico and Texas. No stop is made there, there is no station there, the same servants with the same uniforms, the same engines, the same cars are retained, but in spite of these facts, in spite of the alluring advertisements that inform the confiding public that appellant's lines extend from ocean to ocean, and that A. W. Cheeseman is general agent in El Paso of the "Southern Pacific Company," and W. C. Beck its city agent, the denial is made that appellant operates any railroad in the State of Texas. Mr. Cheeseman can not be censured when he refuses to undertake to account for the vast amount of trouble and expense the Galveston, Harrisburg & San Antonio Railway Company is incurring just to get the traffic over the three miles of road from El Paso to the middle of the Rio Grande, or to state why the company never seeks to ship passengers by railroads to California other than the Southern Pacific Company's Railroad, but positively refuses to ship them in any other way. The facts are very similar to and equally as potent as in the case of this appellant against Craner, 101 S. W. Rep., 534, which was decided adversely to appellant, which decision met the approval of the Supreme Court. The facts establish conclusively that appellant has its agents in the city of El Paso and that the District Court of El Paso County had jurisdiction to try this cause.

Section 25 of article 1194, Revised Statutes, authorizes suits against any foreign company doing business in this State, in any county in which such company may have an agency or representative, and the facts show that appellant was not only doing business in the State, but also that it had agents in El Paso County. The case of Peterson v. Railway, 205 U. S., 364, contains some very refined

distinctions and attenuated technicalities, to which it seems that the Chief Justice and one of the justices could not subscribe, and to which this court can not subscribe and by which it is not bound. In the case of Railway v. Allen, not yet published, the foregoing decision is discussed by this court, and it is held that Federal decisions are not conclusive on State courts as to jurisdiction when no Federal question is involved. We adhere to that opinion.

We must overrule the second assignment of error which assails the admission of a certain folder in evidence, which was used by appellant in its ticket offices in Arizona, New Mexico and California and which was issued by appellant, and which tends to show that the line of the Southern Pacific Company extends from New Orleans, through El Paso, to San Francisco. While advertisements frequently give a rose-tinted hue to the claims contained in them, and are too often published to deceive rather than to give truthful information, still we can see no reason why an admission made against a party's interest therein contained, should not be permitted to confront him when a different state of facts is being contended for by him. It stands in the category of any other admission and can not be rendered incompetent evidence by the contention that it was only an advertisement to catch the credulous public. Railway v. Allen, herein cited.

The court did not err in overruling the exception which raised the question of jurisdiction on the ground that appellee was a citizen of Arizona, and appellant was a foreign corporation, and the injuries were inflicted in Arizona. The action for damages arising from personal injuries was a transitory one and could be instituted wherever the party who committed the tort could be found. Mexican Ry. v. Mitten, 13 Texas Civ. App., 653; Atchison, T. & S. F. Ry. v. Keller (Texas Civ. App.), 76 S. W. Rep., 802; Missouri, K. & T. Ry. v. Godair (Texas Civ. App.), 87 S. W. Rep., 871.

The rules of pleading did not require appellee to set out in greater detail than was done the manner in which appellant was negligent in failing to fasten and secure the lumber on the car. The allegation is: "That the same was loaded with lumber or planks, without said planks being sufficiently fastened at the ends, sides and top, so as to prevent said lumber from slipping, and the ends projecting over the end of the car and the lumber underneath; that said lumber, constituting the load of said flat car, was loaded in an unskillful, negligent and careless manner and way in this: that the ends of said lumber extended out about even with the ends of said car, and that the planks on top of said load, instead of being even with the ends of the load and the ends of the car, extended out over the ends of the load and ends of the car in such a manner as to render said car unsafe and dangerous for brakemen when attempting to step from one car to another, or by reason of the fact that said lumber was not sufficiently fastened at the top and sides, the top boards and planks became loose or jarred loose, and allowed the ends to stick out over the other part of the load, thus rendering the same unsafe and dangerous to brakemen and other employes whose duty required them to go over said train."

The allegations were sufficient to put appellant upon notice of what it had to meet in a trial of the case. Appellee was not under obligation to state to appellant the manner in which it should have fastened the lumber in the exercise of reasonable care. He may not have known how it should have been fastened, loading lumber not being in the line of his employment, still he would not be precluded from recovering damages from appellant, which should have known how to carefully load lumber and to fasten it so that it would be prevented from slipping and becoming a menace to the lives and limbs of those whose duties required them to pass over the lumber. Galveston, H. & S. A. Ry. v. Templeton, 87 Texas, 42; Railway v. Crawford, 9 Texas Civ. App., 245; Galveston, H. & S. A. Ry. v. Abbey, 29 Texas Civ. App., 211.

The court, in the preliminary statement to the charge, after correctly giving the substance of the allegations as to negligence, stated: "Plaintiff charges that said defendant company was negligent in failing to place the cleats or binders connecting the stakes and holding the lumber together, down close and against the load of lumber. That in fact said binders or cleats were above the surface of the timber several inches, and that it was negligence to have failed to place or see that the same were placed down against the lumber, as aforesaid, and said negligence was the cause of said lumber shifting and plaintiff's injuries." The petition did not in terms contain the allegations set out in the quotation, but within its allegations was included sufficient to justify the evidence as to binders or .cleats which connected the stakes, and we fail to see how the charge could have prejudiced the cause of appellant. The charge was more in detail than the allegations of the petition justified, and yet it did not present a false issue or one not comprehended in the allegations. The allegations presented the issues named in the charge, and whether specifically set out in the petition or not, the substance was there. The evidence showed that the cleats or binders were not placed close down on the surface of the lumber, and that the failure to do that caused the lumber to slip and appellee's fall was the proximate result and the court did not err in presenting that issue of negligence to the jury. It was justified by both pleadings and evidence.

The sixth assignment of error, for the reasons hereinbefore given, is not well taken. The charge complained of therein was not upon the weight of the evidence, The charge correctly instructed the jury that if the lumber became disarranged after leaving Yuma on account of the negligence of appellant at Yuma, then appellee should recover, and the court gave a charge at the request of appellant which covered the case if the car was properly loaded and secured at Yuma and became disarranged in transit. All the evidence on the point as to whether appellee had been warned as to the danger of going from car to car on the lumber, was to the effect that he had not been warned, and the court did not err in not submitting that question to the jury in one section of the charge. In one proposition it is urged that the court erred in one section of the charge because it did not submit the question as to warning, and

in another because it did submit it. In submitting the question of warning to the jury the court merely added an item to be proved by appellee without adding anything whatever to the liability of appellant. In other words, if appellant was guilty of the negligence specified in the charge in regard to the fastening of the lumber, it was liable, independent of any warning it may not have given to appellee. It did not place any additional burden on appellant, because its witnesses testified that no warning was given. Appellee had only worked as a brakeman for three weeks and had studied the business one month before he got a regular job, and had never been told about the danger of going from one car to another on lumber. These facts were undisputed, and tended to show that appellee knew nothing about the danger. Appellant requested a charge as to the servant being warned, which was given by the court. It is not in a position to complain that the court presented the issue.

M. H. Gibbs, a witness for appellee, was asked if lumber properly loaded and fastened with sticks would shove or get out of position in being pulled in a train frm eighty to a hundred miles, to which he answered in the negative. The question and answer were objected to because it was a matter about which the witness was not competent to testify, and the proposition made under the assignment is that the witness was not qualified to answer the question. The witness had been a railroad fireman and had noticed the manner of loading cars with lumber while in that position, and then worked as car repairer, one of the duties of that position being to rearrange and adjust the lumber on cars when they came in disarranged. The train was about one hundred miles from Yuma when the accident occurred. The witness had, before the objection was interposed, testified as to how cars should be loaded with lumber; that if so loaded the lumber would not move; that if standards and cross pieces on top were used, that do not fasten down on the lumber, that it would move towards the engine at the top. That evidence was not objected to. The evidence, that the lumber would not move if properly loaded, and would move if not so loaded, was not objected to and was in effect the same as that objected to by appellant. We think also that the witness was qualified to testify as an expert. Appellant recognized this as being true when it placed Borcherding, also a car repairer, with about the same qualifications, on the stand as an expert as to how cars should be loaded with lumber.

The servant may rely upon the assumption that the master will do his duty in furnishing appliances to be used by him. Not, as appellant claims, that the master will endeavor to do his duty, but that he will absolutely do it. It may be that the duty will be performed by the exercise of ordinary care, but the presumption is still, not that the master tried to perform his duty, but that he performed it. Merely an effort to perform a duty, without performing it, is negligence. It follows that the court did not err in charging the jury that the servant "may assume that the master has done his

duty." Texas & N. O. Ry. v. Bingle, 91 Texas, 287; Missouri, K. & T. Ry. v. Hannig, 91 Texas, 347.

The proposition under the eighth assignment of error, that the Texas rule as to assumed risk should not have been given in a charge to the jury, but the rule as announced by the Federal courts, can not be sustained. We know of no difference in the rule adopted in Texas and that adopted by the Supreme Court of the United States. On the other hand, it would seem that the rule is the same, for it is said in Union Pac. Ry. v. Daniels, 152 U. S., 689, that the master is required to use reasonable precautions to secure the safety of the servant and continues: "He has a right to look to the master for the discharge of that duty." That is equivalent to saying that the servant may assume that the master will do his duty. Again, in the case of Union Pac. Ry. v. O'Brien, 161 U. S., 458, it is said: "This engineer was entitled to rely upon the company as having properly constructed the road, and to presume that it had made proper inquiry in respect of latent defects, if there were any, in the construction, for such was its duty," etc.

The ninth assignment of error should be overruled. The part of the requested charge, the refusal of which is criticized, which referred to the assumption of risks, was fully given in the charge of the court, and that part relating to the warning of an employe was fully presented in a charge requested by appellant, and given by the court.

The remaining assignments of error question the sufficiency of the evidence to support the verdict, and are disposed of by our conclusions of fact. The judgment is affirmed.

*Affirmed.*

Writ of error refused.