### SAN ANTONIO TRACTION COMPANY v. ANNIE PROBANDT.

Decided February 16, 1910.

**1.—Personal Injuries—Negligence—Charge.**

In a suit for damages for personal injuries the court charged the jury in part as follows: "If you believe from the evidence that . . . the plaintiff was a passenger on one of defendant's street cars . . .; and that the said car upon which plaintiff was a passenger, if you believe she was a passenger, was derailed as alleged in plaintiff's petition; and if you further believe from the evidence that such derailment, if any, was directly caused by negligence of defendant, if any, as alleged in plaintiff's petition; and if you further believe from the evidence that by reason of such derailment, if any, the plaintiff received any injuries alleged in her petition, then I charge you your verdict must be for the plaintiff." Held, while the charge did not submit the question of negligence or not as clearly as might have been done, it was not subject to the objection that it assumed that defendant was guilty of negligence.

**2.—Carriers—Derailment—Presumption of Negligence.**

The derailment of a railway car warrants the presumption of negligence on the part of the railway company, and the presumption prevails until the derailment is otherwise accounted for.

**3.—Personal Injuries—Diminished Earning Capacity—Pleading.**

In a suit for damages for personal injuries plaintiff alleged that she had an earning capacity of $50 per month previous to her injuries, with a reasonable expectation of increasing the same, but that since her injuries she has been bed-ridden and unable to perform any kind of labor and that the injuries were permanent. Held, sufficient to present the issue as to future earning capacity.

Appeal from the District Court of Bexar County. Tried below before Hon. A. W. Seeligson.

*Ogden, Brooks & Napier,* for appellant.—The paragraph of the charge complained of is erroneous, in that it did not submit to the jury the question of the defendant's negligence *vel non* as a question of fact, but assumed that the defendant was guilty of negligence. International & G. N. R. Co. v. Brice, 95 S. W., 662; Texas Midland Ry. Co. v. Booth, 35 Texas Civ. App., 322; St. Louis S. W. Ry. Co. v. Wright, 84 S. W., 270; Missouri, K. & T. Ry. Co. v. Wolf, 40 Texas Civ. App., 381; North Texas Traction Co. v. Moberly, 109 S. W., 484.

The charge is erroneous in permitting the jury to award plaintiff damages for impaired capacity to labor and earn money in the future, because there is no pleading on which to base such a charge and no recovery is prayed in plaintiff's petition for such diminished capacity to labor and earn money in the future. Houston & T. C. Ry. Co. v. Lindsey, 51 Texas Civ. App., 67; Galveston, H. & S. A. Ry. Co. v. Henefy, 115 S. W., 59; City of Rockwall v. Heath, 90 S. W., 514; Lodwick Lumber Co. v. Taylor, 39 Texas Civ. App., 302; Dallas Cons'd St. Ry. Co. v. Hardy, 86 S. W., 1053.

*Frederick Murphey* and *Perry J. Lewis* and *H. C. Carter,* for appellee.

FLY, Associate Justice.—This is a suit for damages growing out of injuries alleged to have been inflicted upon the person of appellee through the negligent derailment of a car belonging to appellant upon which appellee was a passenger. The cause was tried by jury and resulted in a verdict and judgment in favor of appellee for $15,000.

The evidence is sufficient to form a basis for concluding that appellee was seriously and permanently injured through the negligent derailment of a street car being operated by appellant for hire, upon which appellee was a passenger. In this connection, to dispose of the contentions that appellee was not injured through the agency of appellant but by falling down stairs, and that the verdict for $15,000 is excessive, we hold that there was sufficient evidence to fully establish that appellee received all of the injuries through the derailment of appellant's car and not from falling down a stairway, and that her injuries were of such a nature as to justify a verdict for the sum found by the jury. Appellee had fallen down stairs and had hurt her right arm just above the wrist, and it had not fully healed at the time of the derailment, but she had received no other injury from the fall. Appellee testified to those facts and was corroborated by her mother, brother, sister and the physician, Dr. Goeth. It is true that Mrs. Wurtz and Catherine Niggli swore that appellee received other injuries from the fall on the stairs, but both of the witnesses were prejudiced against appellee and her family, and their testimony could readily be discarded by a jury.

The evidence was that, when the derailment took place, appellee's neck was thrown against one of the iron bars running across the windows, and she was so badly shocked and injured that she had to be carried out and she could not hold up her head. The injury was inflicted in June, 1908, and appellee testified that she had been confined to her bed most of the time, and had suffered with her neck since that time, and was compelled to wear a brace to hold her head up. She had her neck in plaster of paris for a while. She has no control of her head when the brace is taken off. She is very weak and sleeps but little. A physician testified that he found a piece of bone broken from one of the vertebræ of the spine; that his theory was that the posterior muscles were torn loose from their attachment to the bone, and caused her head to fall forward. Another physician

testified to the same effect, and that she was in a very nervous state, and had a very rapid pulse—never below 115 or 120, even when she was lying down and quiet. The muscles of one side of the neck are atrophied and wasting away. The evidence of the physicians was that appellee's condition was serious and permanent, and that she requires constant attention and nursing. Dr. Goeth testified: "There is very little hope—practically no hope—of improving her condition. I don't think she will ever get any better; I feel sure she will get worse. I have not seen any other cases just like this. I base my opinion that she will get worse on the fact that she is steadily going down, her general condition is getting worse all the time. . . . This lady, in my opinion, won't get any better; my opinion is she will die in a few years, but I can't fix the date; my opinion is, two or three years, because her circulation is so feeble. My opinion is she is going to get paralyzed after this over-excitement of the leg passes off; it always starts with over-excitement of these nerves first, and afterwards they get paralyzed. . . . I am employed by the railroad company in this case. I approached this case very skeptically, but I am not skeptical about her condition now; I feel sure about her condition. I have seen her right along every week since she got hurt. If she was subjected to what we call the rest cure, that would not mend the neck, but would allay inflammation and pain. No amount of rest would restore her neck and her health; she has had positive rest all the time." Appellee is a young woman, and was healthy and strong before she was hurt by the derailment. The jury has fixed the amount of the damages by their verdict, and we can not, in view of the evidence, hold that the amount is excessive.

The first assignment of error complains of the following instruction to the jury: "If you believe from the evidence that on or about the 14th of June, 1908, the plaintiff was a passenger on one of defendant's street cars, going northward on Soledad Street in the city of San Antonio; and if you further believe from the evidence that the said car upon which the plaintiff was a passenger, if you believe she was a passenger, was derailed as alleged in plaintiff's petition; and you further believe from the evidence that such derailment, if any, was directly caused by negligence of defendant, if any, as alleged in plaintiff's petition; and if you further believe from the evidence that by reason of such derailment, if any, the plaintiff received any injuries alleged in her petition, then I charge that your verdict must be for the plaintiff." That charge is assailed on the ground "that it did not submit to the jury the question of the defendant's negligence *vel non* as a question of fact, but assumed that the defendant was guilty of negligence." We do not think there is any force or merit in the objection. The court did not submit the question of negligence or not to the jury as clearly as might have been done, but we do not think there was an assumption that appellant had been guilty of negligence, although the court could very properly have assumed that the unexplained derailment was the result of appellant's negligence. Appellant did not in any manner account for the derailment, and the presumption remained that it occurred through the negligence of appellant. Mexican Cent. Railway v. Lauricella, 87 Texas, 277; Gal-

veston, H. & S. A. Ry. Co. v. Fales, 33 Texas Civ. App., 457 (77 S. W., 234).

The second assignment of error attacks that part of the charge which presents as an element of damage the impairment of appellee's capacity to labor, "because there is no pleading on which to base such a charge and no recovery is prayed in plaintiff's petition for such diminished capacity." The petition alleged that appellee had an earning capacity of about $50 previous to her injuries, which she had a reasonable expectancy of increasing, but that since her injuries she had been bedridden and unable to perform any kind of labor, and there were other allegations which showed that the injuries were of such a nature that appellee could never perform any more labor. The allegations were sufficient to admit the evidence, which was received, to the effect that appellee was a helpless, bedridden woman, who would never be able to perform any more labor. Allegations that the injuries were permanent and such as to require constant nursing for appellee, and that she was unable to perform any kind of work, were sufficient to present the issue as to future earning capacity. Texas & P. Railway v. Curry, 64 Texas, 86; Galveston, H. & S. A. Ry. Co. v. Smith (Texas Civ. App.), 28 S. W., 110; Missouri, K. & T. Ry. Co. v. Johnson (Texas Civ. App.), 37 S. W., 771; Galveston, H. & S. A. Railway v. Parish (Texas Civ. App.), 93 S. W., 682.

We think the evidence showed that the jar of the derailment was sufficient to and did produce the injuries inflicted on appellee, and this conclusion disposes of the third, fourth and fifth assignments of error. The judgment is affirmed.

*Affirmed.*

Writ of error refused.