## SOUTHERN PACIFIC COMPANY v. G. W. BLAKE.

### ·Decided June 1, 1910. ·

**1.—Jurisdiction—Appearance—Transitory Action.**

A husband, whose residence was in Oklahoma, brought suit against a railroad company in Texas, for damages for personal injuries inflicted by said company upon the plaintiff's wife in Arizona.  The defendant appeared and answered in the cause.  Held, (1) by answering, the defendant submitted itself to the jurisdiction of the Texas court whether it had any property in Texas or not; (2) the cause of action being one at common law and of a transitory nature, the District Court had jurisdiction of the subject matter.

**2.—Damages—Injury to Wife—Charge—Construction.**

A charge that the plaintiff's husband was entitled to recover for the "di-

minished capacity" of his wife resulting from personal injuries, held not misleading when read in the light of the pleading and evidence.

**3.—Personal Injuries—Pleading—Charge.**

Where a husband alleged that his wife was injured in both hips in a railroad accident, and the evidence showed that only the right hip was injured, the court having by its charge confined the injuries to those "substantially as alleged by plaintiff," it was not error for the court to refuse to charge the jury to disregard the allegation in regard to the left hip being hurt.

**4.—Same—Pleading and Proof.**

A petition alleged that plaintiff's wife was injured in the back and hips, stomach and abdomen, and that she was "injured internally upon each and every other part, and each and every other organ thereof." Held, broad enough to admit proof of injury in the right thigh and hip, there being no exception to the pleading.

**5.—Derailment—Negligence—Prima Facie Case.**

Proof that a railroad train was derailed and that a passenger was injured thereby, makes a prima facie case of negligence against the railroad compny; the burden then rests upon the company to show that the accident could not have been avoided by the utmost care and foresight reasonably compatible with the prosecution of its business.

**6.—Personal Injuries—Verdict not Excessive.**

Evidence as to personal injuries to a wife, considered, and held to justify a verdict for $7,541.75 in favor of the husband.

ON REHEARING.

**7.—Jurisdiction—Interest in Railroad.**

On who owns a controlling interest in a railroal in this State has such property, or rights, or credits within the State as would give the State courts jurisdiction in a suit against such owner.

**8.—Same—Foreign Corporation—Nonresident.**

Subdivision 25 of article 1194, Rev. Stats., authorizes suits against foreign corporations doing business in this State in any county where there is an agent of the corporation. Nonresidents may avail themselves of this provision.

Error from the Sixty-First Judicial District, Harris County. Tried below before Hon. Norman G. Kittrell.

*Baker, Botts, Parker & Garwood,* and *A. L. Jackson,* for plaintiff in error.—When the plaintiff's petition shows that all parties, both plaintiff and defendant, are nonresidents of the State of Texas, and the transactions out of which the cause of action arose occurred beyond the limits of the State of Texas, and fails to allege affirmatively that defendant has property located in the State of Texas and subject to process of its courts for the purpose of satisfying the judgment sought by the plaintiff in his pleading, such petition is subject to general demurrer for want of jurisdiction over the subject matter. Ward v. Lathrop, 4 Texas, 180, 11 Texas, 281; Haggerty v. Ward, 25 Texas, 144; Battle v. Carter, 44 Texas, 486; Rice, Stix & Co. v. Peteet, 66 Texas, 568.

When both the plaintiff and defendant are nonresidents of the State of Texas, and the cause of action is shown to have arisen be-

yond the limits of the State, and it is not made to appear that the defendant has property located within the State of Texas and subject to the process and control of its courts, in accordance with the allegations of the petition, the courts of Texas will not take cognizance of such a case, and will decline to adjudicate the controversy so involved between the parties. Ward v. Lathrop, 4 Texas, 180, 11 Texas, 287; Haggerty v. Ward, 25 Texas, 144; McMullen v. Guest, 6 Texas, 279; Campbell v. Wilson, 6 Texas, 379; Hays v. Barrera, 26 Texas, 80; Battle v. Carter, 44 Texas, 486; Wright v. Ragland, 18 Texas, 292; Rice, Stix & Co. v. Peteet, 66 Texas, 568.

. It is well settled that in an action of negligence by an injured passenger against the carrier the burden of proof is on the plaintiff, according to the general rule, to establish by a preponderance of the evidence the negligence of the passenger carrier, as alleged. San Antonio & A. P. Ry. Co. v. Robinson, 73 Texas, 277; Texas Central Ry. Co. v. Burnett, 80 Texas, 536; Texas & P. Ry. Co. v. Murphy, 46 Texas, 356; 5 Am. & Eng. Ency. Law, (2d ed.), 630, 631; Hutchinson on Carriers, secs. 798 and 799.

*Lovejoy & Parker,* for defendant in error.—The defendant appeared and answered in the case, and the cause of action being transitory, our courts have jurisdiction without regard to the residence of the parties. Chicago, R. I. & P. Ry. Co. v. Thompson, 100 Texas, 187; Mexican Natl. Ry. Co. v. Jackson, 89 Texas, 113; Southern Pacific Ry. Co. v. Allen, 48 Texas Civ. App., 66; Southern Pacific Ry. Co. v. Godfrey, 48 Texas Civ. App., 616; Atchison, T. & S. F. Ry. Co. v. Sowers, 99 S. W., 191, 192.

The charge of the court stated the law for measuring the damages to which plaintiff was entiled because of the injuries inflicted upon his wife, according to the rule laid down by our Supreme Court in such cases. Defendant did not request a special charge explaining the meaning of "diminished capacity," according to its view, and the jury being told that they were to allow plaintiff damages for "the pecuniary loss occasioned him by the diminished capacity of his wife as a result of said injuries, if any," it is not probable the jury allowed him damages for anything except that which entailed upon him "pecuniary loss," and for that, whatever it was, he was entitled to recover. Gainesville, H. & W. Ry. Co. v. Lacy, 86 Texas, 245; International & G. N. Ry. Co. v. McVey, 99 Texas, 32; Dallas Con. Elec. St. Ry. Co. v. Motwiller, 101 Texas, 515; Chicago, R. I. & P. Ry. Co. v. Cleaver, 48 Texas Civ. App., 294; Northern Texas Trac. Co. v. Mullins, 44 Texas Civ. App., 566; Gulf, C. & S. F. Ry. Co. v. Booth, 97 S. W., 129; Chicago, R. I. & P. Ry. Co. v. Groner, 43 Texas Civ. App. 264; San Antonio & A. P. Ry. Co. v. Jackson, 85 S. W., 446.

The proof conclusively showed derailment of the passenger train, and defendant did not undertake to show that it could not have been avoided by the exercise of the high degree of care incumbent upon it, and so failing, the accident itself afforded sufficient evidence of negligence. Gulf, C. & S. F. Ry. Co. v. Smith, 74 Texas, 277; Gulf, C. & S. F. Ry. Co. v. Wilson, 79 Texas, 374, 375; Mexican Central Ry. Co. v. Lauricella, 87 Texas, 279, 280.

FLY, Associate Justice.—This is a suit for damages resulting from personal injuries alleged to have been inflicted on Etta C. Blake, the wife of defendant in error, in the Territory of Arizona. The suit was instituted in Harris County, Texas, and a trial resulted in a verdict and judgment in favor of defendant in error for $7,541.75.

. The evidence showed that Mrs. Blake was seriously and permanently injured through the negligence of plaintiff in error. She was injured by the derailment of a train on the road of plaintiff in error in Arizona Territory, and no explanation of the derailment was given by plaintiff in error.

The first, second, third and fourth assignments of error assail the jurisdiction of the District Court on the ground that neither of the parties reside in Texas and the injury was inflicted in Arizona. It was alleged in the petition that the defendant in error resided in Alabama, that his wife was injured by a derailment in Arizona, and that plaintiff in error owned and operated a line of railway extending through Arizona and New Mexico and into the State of Texas, and had a local agent at Houston, Texas. The evidence showed that plaintiff in error owns the majority of the stock in the Galveston, Harrisburg & San Antonio Railway Company and the Texas and New Orleans Railway Company, and Sedgwick, their agent, was duly served. Plaintiff in error appeared and answered in the cause. Plaintiff in error, by answering, submitted itself to the jurisdiction of the court whether it had any property in Texas or not. (York v. State, 73 Texas, 651; Sam v. Hochstadler, 76 Texas, 164; Pace v. Potter, 85 Texas, 473.) The cause of action being one at common law and of a transitory nature, the District Court had jurisdiction of the subject matter. Mexican Central v. Mitten, 13 Texas Civ. App., 653; Southern Pacific Co. v. Allen, 48 Texas Civ. App., 66; Southern Pacific Co. v. Godfrey, 48 Texas Civ. App., 616. The cases cited by plaintiff in error have no applicability to cases of this character.

The fifth assignment of error is overruled. The jury were confined by the charge to the pecuniary loss sustained by the husband from the wife's diminished capacity, and a failure to qualify the words "diminished capacity" by confining them to labor, or the earning of money, did not mislead the jury. There were pleadings and evidence to sustain the submission of the issue. It was alleged that Mrs. Blake was strong and healthy before she was injured, capable of performing labor, and that since the injury she has not been able to perform any such labor or services.

There was an allegation in the petition that Mrs. Blake "was seriously and permanently injured in the following respects: that her back and hips were sprained, bruised and injured," and that allegation was supported by proof of injury to either hip. The court confined the injuries to those "substantially as alleged by plaintiff in his petition." It was not error for the court to refuse to charge the jury to disregard an allegation in regard to the left hip being hurt. The right side and hip were injured and it can not be surmised that the jury would fix the injury in the opposite side and thigh, or would fix the injury in both sides. It was immaterial which one was injured. This disposes of the sixth and seventh assignments of error.

There were allegations that Mrs. Blake was injured in back and hips, stomach and abdomen, and that she was "injured internally upon each and every other part, and each and every organ thereof." No exception was urged to the allegations and they were broad enough to admit proof of injury in the right thigh and hip, and the court did not err in not withdrawing evidence of injuries to those parts. The same can be said as to impairment of the sciatic nerve.

Defendant in error made out a *prima facie* case of negligence when he proved that the train of plaintiff in error was derailed and his wife was a passenger and was injured by the derailment. The burden then rested upon plaintiff in error to show that the accident could not have been avoided by the utmost care and foresight reasonably compatible with the prosecution of its business. Mexican Central Ry. v. Lauricella, 87 Texas, 277; Galveston, H. & S. A. Ry. v. Fales, 33 Texas Civ. App., 457 (77 S. W., 234); San Antonio Traction Co. v. Probandt, 59 Texas Civ. App., 265 (125 S. W., 931).

There was no evidence tending to show that the derailment resulted from an unvoidable accident, and the court properly refused to charge the jury on that subject.

Mrs. Blake swore that she was confined to her room by reason of her injuries for three months, did not go down stairs but once in five months, and had suffered great pain and agony. She had attended to a store and performed her household duties previous to her injuries, but since had been unable to attend to any work. She has a constant pain in side and hip, and suffers a great deal. One doctor swore that Mrs. Blake was suffering with displacement of the womb, which he attributed to her injury. If the testimony is to be credited, we can not say that the verdict is excessive. The judgment is affirmed.

## ON MOTION FOR REHEARING.

It is insisted in the motion for rehearing that "there was no evidence whatsoever offered or introduced, showing or tending to show, that the defendant, Southern Pacific Company, at the time of the alleged injury, or of the commencement of this suit, or at any time since and up to the present time, had or owned, or has held or owned, or now has, holds, or owns, any property in the State of Texas subject to or within the jurisdiction of this court, the entire evidence being to the contrary." The witness Cottingham, introduced by plaintiff in error, testified: "The Southern Pacific Company owns the majority in those companies, Galveston, Harrisburg & San Antonio Railway Company and Texas & New Orleans Railroad Company; there is no question about that. The stockholders select the directors of these subordinate companies and the directors select the officers. The Southern Pacific Company is the majority stockholder in these subordinate companies." It would suggest itself to the minds of most people that if a party owned a controlling interest in a thousand miles of railroad in Texas that it had some property or rights or credits in the State. Ward v. Lathrop, 11 Texas, 287; Battle v. Carter, 44 Texas, 485; Wright v. Ragland, 18 Texas, 289.

But independent of any question of property in Texas, there was

evidence tending to show that plaintiff in error was operating a railroad across Texas to California, and our statute (art. 1194, subd. 25), authorizes suits against foreign corporations doing business in this State, in any county where there is an agent of the corporation. Plaintiff in error had an agent in Houston, and a nonresident had the right to bring a suit against it, as it was shown to be doing business in this State. Western Union Tel. Co. v. Clark, 14 Texas Civ. App., 563 (38 S. W., 225).

The case of Southern Pacific Company v. Godfrey, 48 Texas Civ. App., 616 (107 S. W., 1135) is exactly in point in this case on the question of jurisdiction. In that case the injury was inflicted in Arizona on a citizen of that Territory, and he sued in El Paso, Texas. The only marked difference in the case is that in the Godfrey case the present plaintiff in error was anxious to be sued in Harris County, and now that county is repudiated and it is seeking to evade being sued anywhere in Texas. The motion for rehearing is overruled.

*Affirmed.*

Writ of error refused.