**THOMPSON v. A. F. MULLER CO.**

No. 11385.

Court of Civil Appeals of Texas.

San Antonio.

March 8, 1944.

John C. North, of Corpus Christi, for appellant.

Ward & Brown, of Corpus Christi, for appellee.

NORVELL, Justice.

A. F. Muller Company filed this suit against Guy A. Thompson, as Trustee of the International & Great Northern Railroad Company, to recover approximately $1600 damage to three cars of onions shipped by the plaintiff from Laredo, Texas, over the International & Great Northern Railroad, and its connecting carriers, to Detroit, Michigan, and Pittsburgh, Pennsylvania.

The defendant filed his plea of privilege in proper form, to which plaintiff filed controverting affidavit. The trial court overruled defendant's plea of privilege and this appeal was properly perfected by the defendant.

Appellee by its controverting affidavit invoked exceptions Nos. 23 and 24 of Article 1995, Vernon's Ann.Civ.Stats., upon the allegation that appellant, Guy A. Thompson, Trustee for International & Great Northern Railroad Company had an agent in Nueces County, Texas, namely, O. K. Dowell, upon whom service of process in this case was had.

It appears that International & Great Northern Railroad Company is a corporate common carrier and is in the process of reorganization, under the provisions of Section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207. See 11 U.S.C.A. § 501 et seq.

These proceedings are now pending in the United States District Court of the Eastern District of Missouri. Similar bankruptcy proceedings were instituted and are now pending in the court named relating to various other railroad corporations, including the Missouri Pacific Railroad Company and a group of companies known as the "Gulf Coast Lines." In these suits Thompson was designated as trustee for a number of separate corporate organizations which are seemingly operated as a group under the designation of "Missouri Pacific Lines."

The Missouri Pacific Railroad Company apparently has no railway lines in Texas. One or more of the corporations known as the "Gulf Coast Lines" (a sub-group of the larger aggregation of corporations known as the "Missouri Pacific Lines") does maintain tracks and shipping facilities within Nueces County, Texas. The International & Great Northern Railroad Company has no tracks or lines within said county, and it was agreed in the court below that neither the International & Great Northern Railroad Company nor Guy A. Thompson, in his capacity as trustee for said corporation, paid any person in Nueces County to act for or represent said railroad corporation or its trustee. However, a certain bulletin or time table of the "Missouri Pacific Lines" was received in evidence. One of the pages thereof states the names of the officers and representatives of the railway lines under the following heading:

"Missouri Pacific Lines

Guy A. Thompson, Trustee

Missouri Pacific Railroad Co., Debtor, Gulf Coast Lines—International–Great Northern, Debtors."

Under a sub-heading, entitled "Representatives," appears the following:

Corpus Christi, Tex. { O. K. Dowell — General Agent; E. E. Greer — Dist. Pass. Agt.; W. B. Craig — Traffic Rep.; Rane McCown — Depot Tkt. Agt. } Mo. Pac. Lines Passenger Station Phone 9415

The purport of the statements contained in the bulletin referred to, viewed from the standpoint of the public, is that Guy A. Thompson, as trustee, is operating a group of railway corporations under the designation of Missouri Pacific Lines; that this group of corporate carriers consists of the Missouri Pacific Railroad Company, the International & Great Northern Railroad Company and the Gulf Coast Lines (a group designation of a number of corporations), and that O. K. Dowell of Corpus Christi is a general agent of the group (Missouri Pacific Lines) and consequently the agent of the corporate entities which make up the group, one of which is the International & Great Northern Railroad Company. The bulletin does not in any way indicate that Dowell's agency is limited insofar as principals are concerned to the particular group of corporations designated as the Gulf Coast Lines.

This view is supported by an excerpt from the "Official Railway Guide," a book showing the schedules of all railroad passenger trains throughout the United States, and furnished by the railroads to all ticket agents to enable them to furnish information to the public concerning schedules, routes, etc. This excerpt reads as follows:

"Missouri Pacific Lines.

"Representatives, Traffic Department,

"Joint Traffic Representatives, Missouri Pacific Railroad—Gulf Coast Lines—International–Great Northern Railroad. Corpus Christi, Texas, O. K. Dowell, Gen'l Agt."

It has been held that in cases where venue depends upon the existence of an agency and a railroad corporation represents to the public that it has an agent in a certain county, it can not, upon a plea of privilege hearing, deny the existence of the agency and thus defeat venue in the county where the suit is brought and where the company has stated that it has an agent. Southern Pacific Company v. Godfrey, 48 Tex.Civ.App. 616, 107 S.W. 1135.

Appellant cites no case holding contrary to the cited authority. We conclude therefore that the judgment of the trial court should be affirmed and it is accordingly so ordered.

Affirmed.