R. B. MASTERSON V. E. L. RIBBLE.

Decided January 16, 1904.

1.—Boundaries—Rule of Construction—Marked Lines—Burden.

Where plaintiff claimed that the position of his sections of land in dispute was not dependent on the true location of an adjacent block of surveys, which was also in dispute, and he to some degree relied upon established and marked lines and corners to show the true location of his land, it was error, as imposing too great a burden on him, for the court to charge that, "Where the lines of a survey have been actually run upon the ground and the corners established and lines marked, these, if they can be found, constitute the true boundaries of the land, if there are a sufficient number of them shown by the evidence so as to establish to the satisfaction of the jury the true location of the land, and they must be respected by the jury and not departed from or made to yield to any other less certain matter of description."

2.—Same—Original Corners Controlling.

It was not correct for the court to charge that, "If there are any well known and undisputed corners established on the ground in any of said surrounding and contiguous surveys called for, they would control the other calls which are conflicting and contradicting, if there are any such," since it does not necessarily follow that they would control other conflicting calls, although the jury might properly consider them in determining the conflict.

Appeal from the District Court of King. Tried below before Hon. J. M. Morgan.

W. P. McLean and Glasgow & Kenan, for appellant.

Jo A. P. Dickson, L. W. Dalton, and Matlock, Miller & Dycus, for appellee.

SPEER, ASSOCIATE JUSTICE.—This was tried as a boundary suit to determine the north line of sections 163, 164, 165, 166, 167 and 168, made for R. M. Thompson in King County, which are admitted to belong to appellant. The disputed strip embraces some 1200 acres of land. These surveys, along with a number of others, were made at an early date out of a body of vacant land between two older surveys known as block 10, A. B. & M., and sections 11, 12, 19 and 20 of another survey; these designations being sufficiently definite for the purpose of this opinion. Appellee's contention is that under the circumstances the true location of block 10 should determine the lines of the surveys in controversy, and that this true location is about one-half mile—the width of the disputed strip—south of where appellant claims it is. Appellant's contention is that the position of said sections is not dependent upon the true location of block 10, but that the intention of the surveyor making them was to place them where he now contends for. The testimony shows the true location of block 10 to be in dispute.

The following paragraph of the court's charge should be condemned, for the reason that it imposes too great a burden upon appellant, who was plaintiff below, viz: "Where the lines of a survey have been actually run upon the ground and the corners established and the lines marked, these, if they can be found, constitute the true boundaries of the land,

if there are a sufficient number of them shown by the evidence so as to establish to the satisfaction of the jury the true location of the land; these must be respected by the jury and must not be departed from or made to yield to any other less certain matter of description." Under the facts this would undoubtedly operate to place upon appellant the duty of satisfying the jury, since he to some degree relied upon established and marked lines and corners to show the true location of his land. Moore v. Stone, 36 S. W. Rep., 909; Fink v. Cox, 30 S. W. Rep., 512; Missouri K. & T. Ry. Co. v. Kemp, 30 S. W. Rep., 1117; Feist v. Boothe, 27 S. W. Rep., 33; Grigg v. Jones, 26 S. W. Rep., 885; McGill v. Hall, 26 S. W. Rep., 132.

Appellant objects to the following language of the court's charge, which objection we think is well taken. "If there are any well known and undisputed original corners established on the ground in any of said surrounding and contiguous surveys called for, they would control the other calls which are conflicting and contradicting, if there are any such."

This is not correct. There may be such well known and undisputed corners in surrounding and contiguous surveys, but it does not necessarily follow that they would control other conflicting calls. The jury could properly consider, along with such fact, all the other circumstances in evidence to determine such conflicting calls. The real question, and practically the only one in this case for the jury to determine, is, where on the ground did the surveyor really intend to place the tier of sections from 157 to 168; and in determining this question they should consider all the circumstances attending the survey. By intention of the surveyor we mean, not a secret intention which has found no expression in his acts, but his purpose, to be gathered from what he did in making the surveys, the description of the land he gave, and all the circumstances attending the transaction. Blackwell v. Coleman County, 94 Texas, 216.

The charge should be so framed upon another trial as to authorize a proper recovery by appellant if a part of the land in controversy should be found to be embraced within his surveys.

The complaint that the court was not authorized to submit to the jury the question of whether or not the surveys were actually made upon the ground will not be considered because it appears that the appellant invited a charge upon such issue.

We are not prepared to hold that the court erred in excluding the testimony of the witness Glasgow as to the condition of the county maps in 1882. The character and extent of the search instituted by him at Austin is not shown to be such as to lay a proper predicate for the introduction of this secondary evidence.

*Reversed and remanded.*