Texas & New Orleans Railroad Company v. Jacob Geiger.

Decided March 31, 1909.

**1.—Evidence—Opinion—Usual and Customary Manner of Doing Work.**

Where the witness, in answer to a question as to whether the manner in which he was shoving the plank to a rip saw at the time he was injured was unusual or a usual and customary manner, testified that "It was the usual and customary manner I was doing it," this was the statement of a fact and admissible over objection that it was the expression of his opinion.

**2.—Negligence—Defective Appliance—Charge.**

Where the injured servant charged the master with negligence in that the guide to a rip saw and its connections were defective, an instruction that it was the duty of defendant to use ordinary care to furnish plaintiff with a guide to the rip saw reasonably safe for the purpose for which it was designated, and a failure to use such degree of care in this respect would be negligence, but defendant was not required by law to furnish an absolutely safe guide, was correct and applicable, and, occurring in that part of the charge devoted to stating rules of law and which undertook to submit nothing, it was not objectionable because it did not instruct that such negligence must have been the proximate cause of the injury, that being done in submitting the issues.

**3.—Same—Master and Servant—Dangerous Work—Warning—Pleading.**

Where the petition, in a suit by a servant for injuries received while operating a saw, contained allegations of dangers in the use of the saw connected with certain alleged defects, that plaintiff was a minor and inexperienced in the use of the machine because of which he did not know of the defects and dangers, and that defendant by the exercise of ordinary care could and would have known of said defects and dangers, and could and did know of plaintiff's youth and inexperience and failed to warn him, the court was authorized to submit the issue of negligence in failing to give warning. Charge considered and held correct.

**4.—Same—Defective Machine—Warning—Charge.**

Where the allegation was of dangers in the use of the machine with certain alleged defects, and the only defect of which there was proof was that the guide was out of square, and the only negligence alleged had reference to such defect, a charge authorizing the jury to find for the plaintiff upon the theory of peril incident to the operation of the machine and the duty to warn in respect thereto, was error.

**5.—Charge—Invited Error—Negligence.**

Where the petition did not allege that there were dangers incident to the

operation of the machine as a dangerous machine, but it appeared from the pleadings of defendant that it considered that the issue of dangers ordinarily incident to the operation of such machine apart from defects was involved, and that upon this idea it tried the case and asked instructions which were not relevant except on such theory, it could not be heard to complain of an instruction submitting such theory, and ask reversal of a verdict which might have been found on the theory that was properly involved.

**6.—Master and Servant—Negligence—Defective Machinery—Injury to Servant.**

Any servant is entitled to recover for damages arising from defects in machinery given him for use if the presence of the defect is due to the master's negligence and it is the proximate cause of the injury, conditioned of course that it was not an assumed risk, or not due to contributory negligence. See charges held correct.

**7.—Same—Defective Machinery—Negligence—Knowledge of Defects.**

An instruction that charged the injured employe with the consequences of a defect in the machine of which he knew or in the exercise of ordinary care would have known, was properly refused. An employe is not charged with knowledge of defects in machinery because the exercise of ordinary care would disclose them, as the duty to exercise care to discover them does not rest upon him.

**8.—Same.**

Requested charges held properly refused because they ignored the theory of the youth and inexperience of the injured servant.

**9. Damages—Verdict Held Excessive.**

Verdict awarding damages for personal injuries in the sum of ten thousand dollars held excessive.

ON REHEARING.

**10.—Charge—Negligence—Permitting Defects.**

A charge submitting the issue of negligence on the part of the master in permitting the guide to the machine to be and remain in a defective condition, was not subject to objection as ignoring the issue of knowledge of the defect. The term "permitting" presupposes the idea of knowledge.

Appeal from the District Court of Harris County. Tried below before Hon. Norman G. Kittrell.

*Baker, Botts, Parker & Garwood* and *Lane, Jackson, Kelly & Wolters,* for appellant.—The charge of the court was erroneous in this: that the negligence of defendant complained of was that it put plaintiff to work at a certain rip saw, and that said rip saw and its appliances were defective in certain particulars therein set out; that plaintiff was a minor, unaccustomed to said machinery, and inexperienced in its operation; that defendant, its agents, servants and employes, respectively, failed and omitted to use ordinary care to warn plaintiff of the defects of said rip saw, and the dangers thereof, and how to avoid them; that by reason of his youth and inexperience plaintiff did not know of said defects or of their dangers, but that defendant, its agents, servants and employes, respectively, by the exercise of ordinary care could and would have known of said defects and their dangers, and could and did know of the youth of plaintiff and his inexperience. There was no claim or allegation that the operation of this rip saw was a perilous employment, and that defendant was negligent in failing to warn him of its dangers and how to avoid them. Therefore, under plaintiff's pleadings, in order for defendant

to have been guilty of negligence in failing to warn plaintiff of the danger of operating this machine, it must have actually known, or in the exercise of ordinary care should have known, that said defects existed, and failed to warn plaintiff thereof; whereas, this charge bases the negligence of defendant on its failure to use ordinary care to warn plaintiff of the perils of operating the saw, regardless of whether it knew, or in the exercise of ordinary care should have known, of such defects or not. Galveston, H. & S. A. Ry. Co. v. English, 59 S. W., 626 and 912; Galveston, H. & S. A. Ry. Co. v. Manns, 84 S. W., 254; Nix v. Railway Co., 82 Texas, 476; Texas Shortline Ry. Co. v. Waymire, 89 S. W., 452; G. A. Duellar Mfg. Co. v. Dullnig, 83 S. W., 889; Fordyce, Receivers, v. Yarborough, 1 Texas Civ. App., 260; Railway Co. v. Lyde, 57 Texas, 509; Railway Co. v. Wells, 81 Texas, 685; Lumber Company v. Denham, 85 Texas, 58; Rooney v. Sewall & Day Cordage Co., 36 N. E., 789.

The court erred in the charge in this, that it ignored the question of defendant's knowledge or want of ordinary care in not knowing of the defects in the guide to the rip saw, if any, and bases the negligence (if the jury should find it was negligence on its part) in the defendant's permitting the guide to be and remain in a defective condition. Texas & Pac. Ry. Co. v. Echols, 17 Texas Civ. App., 681; Fordyce v. Yarborough, 1 Texas Civ. App., 265; Galveston, H. & S. A. Ry. Co. v. Buch, 27 Texas Civ. App., 283; Rooney v. Sewall & Day Cordage Co., 36 N. E., 789; 2 Bailey on Personal Injuries, secs. 2700 and 2701.

The eleventh paragraph of the court's charge was clearly erroneous in this, that, taken in connection with the twelfth paragraph to which it refers and by which it is expressly qualified, it authorized the jury to find for plaintiff upon a state of facts and upon grounds wholly independent of and different from those set up in his pleadings; in other words, it authorized a recovery upon a different case entirely from that sued on. Railway v. Terry, 42 Texas, 451; Markham v. Carothers, 47 Texas, 22; Loving v. Dixon, 56 Texas, 79; Railway v. Powell, 41 S. W., 696; Sanches v. Railway, 88 Texas, 117; Railway v. Dolan, 84 S. W., 297; Railway v. French, 86 Texas, 97; Railway Co. v. Hennessey, 75 Texas, 157; San Antonio Traction Co. v. Yost, 88 S. W., 428.

The verdict of the jury is excessive in amount and shows that the same was the result of passion and prejudice or both, as such amount was not justified by the evidence as to the injuries sustained, and the court erred in not setting same aside. Railway v. Morin, 66 Texas, 136; Railway v. Hall, 78 Texas, 659; Railway v. Syfan, 43 S. W., 551; Railway v. Dwyer, 36 Kan., 58; Railway v. Underwood, 64 Texas, 468; Budge v. Railway, 32 So. Rep., 545.

*Lovejoy & Parker,* for appellee.

JAMES, Chief Justice.—Jacob Geiger, a minor, by next friend alleged that he was in the defendant's employ as a worker at a chisel mortiser when he was ordered away from same by his superior and put to work at a rip saw. That while in the act of ripping a small

piece of timber the rip saw caught in front of the same with the back teeth thereof throwing same back, over and around, and dragging and throwing plaintiff's right hand into the saw and injured it without fault or negligence on plaintiff's part. That said injuries were caused by defendant's negligence in these respects: That the guide to the rip saw and its connections were defective and unsafe and improperly fastened in that the piece or rod of iron to which the guide was attached and which moves and operates in a slot or groove in the table, did not fit close enough but had lost motion, by reason of which defect the guide was permitted to get out of plumb and square, and the piece of timber was caught and bound in the back teeth of the saw. That said saw and the table, through the top of which it was operated, were negligently permitted to get out of level and remain out of plumb. That the false table, through which the saw operated and protruded upward, was negligently permitted to be in an unsafe condition, in that it was warped and the defendant negligently attempted to keep the same level and plumb by putting underneath a piece of wood, or by driving a wedge in the side. That plaintiff was a minor and his regular work was at the mortiser; that he was unaccustomed to said machine and inexperienced in operating it; that defendant by the exercise of ordinary care could and would have known of its defects and the danger thereof, and could and did know of the youth and inexperience of plaintiff, and that as a direct and proximate result of said negligence plaintiff's hand was drawn into said saw by the binding and catching of said timber and he thereby received the injuries he specifies. Defendant pleaded general denial, assumed risk and contributory negligence. There was a verdict for plaintiff in the sum of $10,000.

The first assignment complains of plaintiff being allowed to testify in reference to the question as to whether or not the manner plaintiff was shoving the plank in was an unusual manner, or a usual and customary manner; that "It was the usual and customary manner I was doing it." The objection to this was, it was the expression of his opinion. It was the statement of a fact and not of an opinion.

The rule of law stated in the charge complained of by the second assignment was correct and had application to the case. That portion of the charge was devoted to stating rules of law applicable to the case and undertook to submit nothing. The portion of the charge which submitted the issues explained clearly that the negligence of defendant, if any, must have been the proximate cause of plaintiff's injuries in order for him to recover.

The third assignment complains of this paragraph of the charge: "It was the further duty of the defendant to use ordinary care to instruct or inform an employe of the particular perils of the employment and how to avoid them where the employe is inexperienced and in ignorance of such perils and the means of avoiding them, and where the defendant knows, or in the exercise of ordinary care ought to know, that the same are unknown to the employe, and where the means of avoiding them would not be obvious to an inexperienced person of ordinary intelligence without such instruction or information. In such circumstances, if the defendant fails to use ordinary

care so to instruct or inform an inexperienced employe, and such failure is the proximate cause of the injury to the employe, then the defendant is liable, unless the employe has otherwise become informed of such perils and of how to avoid them, or unless he has in some manner by his own negligence contributed to the injuries complained of, in which event he could not recover."

The point made by appellant's proposition is "that there was no claim or allegation that the operation of the rip saw was a perilous employment and that defendant was negligent in failing to warn him of its dangers and how to avoid them, therefore, under plaintiff's pleading, in order for defendant to have been guilty of negligence in failing to warn plaintiff of the danger of operating this machine, it must have actually known, or in the exercise of ordinary care should have known, that said defects existed and failed to warn plaintiff thereof; whereas, this charge bases the negligence of defendant on its failure to use ordinary care to warn plaintiff of the perils of operating the saw, regardless of whether it knew, or in the exercise of ordinary care should have known, of such defects or not."

The petition does contain allegation of dangers in the use of the saw connected with certain alleged defects; that plaintiff was a minor and inexperienced in the use of the machine, because of which he did not know of its said defects and dangers; that defendant by the exercise of ordinary care could and would have known of said defects and dangers and could and did know of plaintiff's youth and inexperience, and failed to warn him of such defects and dangers. The charge complained of correctly expressed rules of law applicable to the allegations. The real complaint regarding it appears to be that the court based the negligence of defendant on its failure to use ordinary care to warn plaintiff, without regard to its knowledge or means of knowledge of the existence of the danger. But the latter part of the paragraph where this alleged defect occurs, begins by saying: "In such circumstances," thereby incorporating into it what had preceded, and making that the basis of what the latter part of the instruction says.

The fifth assignment involves alleged error in the eleventh and twelfth paragraphs of the charge read in connection with each other.

"On the other hand, if you do not believe from the evidence that plaintiff was injured at the time and place and substantially in the manner alleged; or do not believe that the guide to the rip saw got out of square on account of lost motion in the slot or groove in which the guide as attached was operated; or do not believe that such condition of said guide, if it existed, caused the piece of timber to catch or bind in the back teeth of the saw, producing the injuries complained of; or do not believe that said condition of the guide, if it existed, was negligence on the part of the defendant; or do not believe that said condition of the guide was the 'proximate cause' of plaintiff's injuries, then in any, each or all of said alternative events you will find for the defendant, unless you find for plaintiff under the instructions submitted to you in the next and following paragraph of this charge."

"If you believe from a preponderance of the evidence the follow-

ing group of facts and each and all of them, to wit, that said plaintiff was injured substantially in the manner alleged; and that he was inexperienced in the work at which he was hurt; and. ignorant of its perils, if such there were, and how to avoid them; and that the defendant's authorized agent knew, or in the exercise of ordinary care ought to have known, same were unknown to plaintiff; and that such perils, if any, and the means of avoiding them would not be obvious to an inexperienced person of ordinary intelligence without instruction or information; and that defendant's authorized agent, in putting plaintiff to work at the rip saw where he was hurt, failed to instruct or inform him so as to enable him to comprehend the particular perils, if such there were, in operating and feeding said machine; and that such failure so to instruct or inform plaintiff, if any, was a want of 'ordinary care' on the part of such agent of defendant, as before defined, and that but for the want of such ordinary care plaintiff would not have undertaken to do said work in the manner he did and would have avoided the injury, then you will find your verdict for plaintiff, unless you further find from the evidence that plaintiff assumed said risks, or that he was guilty of contributory negligence."

Appellant has two propositions, in substance: First, that the eleventh paragraph taken in connection with the twelfth, to which it refers, authorized the jury to find for plaintiff upon a state of facts and upon grounds wholly independent and different from those set up; in other words, authorized a recovery upon a different case from that sued on. In support of this proposition appellant says that there was no allegation that the rip saw was a dangerous machine, nor that any perils were involved in its use apart from the defects alleged, nor that defendant's agent failed to instruct plaintiff how to operate it and to warn him of its dangers. That plaintiff's case, as alleged, was negligence of defendant in permitting the defects in the machine, and failing to warn him of such defects and the danger connected with such defects, and that plaintiff by reason of his youth and inexperience was not aware of such defects and their dangers, but defendant knew or should have known of them and of plaintiff's youth and inexperience and was negligent in failing to warn him in respect thereto. In other words, the point which appellant makes is that there being no allegation that the operation of a rip saw machine is in itself a dangerous employment, it was error to allow any recovery upon the theory of failure to warn plaintiff in case the jury should have found for defendant under the eleventh paragraph. This goes upon the idea that if there was no negligence of defendant in reference to the construction of the machine, there was no liability claimed under plaintiff's pleading, because the dangers referred to in the petition were solely those arising from defects in the machine.

The petition, after alleging the defects in the machine, contained these allegations concerning negligence in regard to warning plaintiff: "That the defendants and each of them, their agents, servants and employes, respectively, failed and omitted to use ordinary care to warn plaintiff of the defects in said rip saw and the dangers thereof and how to avoid them; that by reason of his youth and inexperience,

plaintiff did not know of said defects and of their dangers, but the defendants, their agents, servants and employes, respectively, by the exercise of ordinary care could and would have known of said defects and their dangers, and could and did know of the youth of plaintiff and of his inexperience." The petition did not state a case for recovery upon the theory that the operating of a rip saw machine was dangerous and that defendant was negligent in not instructing or warning the boy when he was put to work upon it in respect to dangers ordinarily involved in its use. The only danger alleged was that attending certain specified defects therein. It appears that the only alleged defect of which there was proof was the one that the guide to the rip saw was out of square on account of lost motion in the slot or groove in which the guide operated. This appears from a later paragraph of the charge which eliminated all the other alleged defects.

Now, in the eleventh paragraph above quoted, it will be seen that the jury were told to find for defendant if they did not believe that the guide to the rip saw got out of square on account of lost motion in the slot or groove in which the guide, as attached, was operated. If the jury found this to be the fact, we think it should have been the end of the case as the same was pleaded by plaintiff, for the reason that the only danger alleged and proved by plaintiff, and the only negligence alleged by him were those which had reference to such defect. Yet under the twelfth instruction the jury were authorized to go ahead and find for plaintiff upon the theory of peril incident to the operation of the machine and the duty to warn in respect thereto.

It is claimed that the error committed in said paragraphs was invited, because defendant at the trial proceeded upon the theory that the court did, that a case was stated of negligence in not warning plaintiff of the general danger incident to the use of a dangerous machine, and asked charges which would have been applicable upon that theory. If the court was led into the error by such requests, or they contributed to it, we think that defendant would not be heard to ask a reversal on such ground of a verdict which might after all have been found on the theory that was properly involved. (Donk Bros. v. Stroetter, 82 N. E., 251; St. Louis S. W. Ry. v. Matthews, 34 Texas Civ. App., 305; Ellis v. Marshall, 41 Texas Civ. App., 501.) Defendant requested a number of charges, all of which were marked refused. Upon the first one is written "Refused because in so far as it is correct it is covered by the general charge, and the reason will be taken as applying to all charges refused." This might be taken to indicate that they were requested after the court had prepared its charge. (Western U. Tel. Co. v. Bowen, 97 Texas, 623.) But there is unmistakable evidence that all the special charges which were numbered one to ten consecutively were asked before the court had finished the preparation of its charge, in the fact that five of them are found incorporated in the charge precisely in the terms asked, and the nature and wording of some of them are such that it is inconceivable, but that the court placed them in the charge in response to the requests. Not only this, but we find that while the petition carefully construed does not allege that there were dangers incident to the operation of

such a machine, as a dangerous machine, the defendant pleaded to such a case as follows: "And for further plea and answer the defendants aver that plaintiff is not entitled to recover for the alleged injuries to the said Jacob Geiger for the reason that the same resulted from risks and dangers which were incident to the service in which plaintiff voluntarily engaged as an employe," etc. Thus, we see that defendant construed the petition as embodying the issue. It appears, therefore, from its pleading, that defendant itself considered that the issue of dangers ordinarily incident to the operation of such machine, apart from defects, was involved, and upon the idea that this was so, tried the case and asked instructions, which were not relevant except on such theory. (Bragg v. Metropolitan St. Ry. Co., 91 S. W., 534.)

Requested charge No. 2 stated: "If you believe from the evidence that the danger from operating the saw upon which plaintiff got hurt was patent and obvious to a person of plaintiff's age, experience and understanding, . . . then no duty devolved upon defendant to give any warning to plaintiff of such danger, and on the allegation of failure to warn and instruct plaintiff of such danger you will find for the defendants." The danger which this charge had reference to was not the danger growing out of the defects, but those generally incident to operating the saw.

Requested charge No. 4 states: "You are charged that if it was a fact that the circular saw with which plaintiff was injured was a piece of dangerous machinery and likely to injure anyone coming in contact with it . . . then he can not recover for his injuries sustained by coming in contact with this saw . . . and under such circumstances your verdict should be for the defendant." This charge refers to the machine as a dangerous one, without any reference to defects and authorized a verdict for the defendant upon that theory.

Requested charge No. 6 was based upon the same theory of dangerous machine, of danger connected with the employment and failure to warn in reference thereto. These charges all went bodily into the main charge, and it seems to us that appellant can not complain that the court's charge dealt with the case and submitted it upon that theory. The adoption by the court of that as one of the theories in the case, appears to have been contributed to, if not caused, by the defendant, and, as already stated, having participated in introducing an improper issue, it ought not to be heard to say that the verdict which could stand and may have been found upon another proper issue should be, for that reason, set aside.

There is no merit in the second proposition under the fifth assignment of error if both of said theories of recovery are treated as having been in the case. What has been said disposes of the fifth and sixth assignments and the first proposition under the seventh.

The seventh assignment has an additional proposition, complaining of the thirteenth paragraph of the charge, which was as follows: "On the other hand, if you do not believe that plaintiff was inexperienced in the work in which he was engaged at said rip saw, and was ignorant of the particular perils of such service, if such there were, and how to avoid them; or do not believe that the defendant's authorized agent knew that such perils, if they existed, were unknown

to plaintiff, or ought to have been known to him by the exercise of ordinary care; or to not believe that such agent failed to use 'ordinary care' in not instructing or informing him of such perils and how to avoid them, if you find he did not warn or instruct him; or do not believe that but for such failure, if any, the injuries complained of would not have happened, then in any, each or all of said alternative events you will find for the defendant, unless you find for the plaintiff under instructions submitted to you in the first group of facts."

The tenth paragraph of the charge, the one to which the above refers, reads as follows: "If you believe from a preponderance of the evidence the following group of facts, and each and all of them, to wit, that plaintiff Jacob Geiger was injured at the time and place and substantially in the manner as alleged, and that the guide to the rip saw at which he was working got out of square on account of lost motion in the slot or groove in which the rod to which the guide was attached was operated, and that this caused the piece of timber to catch and bind in the back teeth of the saw, producing injuries as alleged, and that permitting the guide to be and remain in said condition, if you so find, was 'negligence' on the part of the defendant, Texas & New Orleans Railroad Company, and that said negligence, if any, was the proximate cause of plaintiff's injury, then you will find for the plaintiff, unless you further find from the evidence that plaintiff assumed the risks, or that he was guilty of 'contributory negligence' in some respect as alleged in defendant's answer."

The point is that these charges, read together, told the jury that although plaintiff was experienced in the use of the machine and knew the particular perils connected with it, and although defendant was not guilty of negligence in not warning and instructing him concerning its perils, still defendant would be liable, according to the tenth paragraph, if lost motion was in the guide and defendant had been negligent in permitting such lost motion, and such negligence was the proximate cause of plaintiff's injury.

We see no conflict in them. Plaintiff may have been experienced in the use of such machine and may have known the dangers incident to its operation, in fact he might have been a mature man and familiar with such dangers and may have needed no instruction on the subject, yet it would not follow that he could not recover. Any servant is entitled to recover for damages arising from defects in machinery given him to use if the presence of the defect is due to the master's negligence and it is the proximate cause of the injury, conditioned, of course, as charge No. 10 states, that it was not an assumed risk, or not due to contributory negligence. The charge No. 13 and charge No. 10 treat of different subjects. The former deals with the perils incident to the service, and the latter with the peril due to a certain defect. Under the former the jury may have seen fit to find for defendant, but nevertheless there was still the other theory of liability to consider.

The eighth assignment is overruled for the reason that the refused charge is embodied sufficiently in the charge given. The ninth is

overruled because the requested charge was erroneous, as ignoring the issue based on plaintiff's youth and inexperience.

The tenth is overruled because the charge requested was erroneous in this, that it charged the employe with the consequences of a defect in the machine of which he knew "or in the exercise of ordinary care would have known." An employe is not charged with knowledge of defects in machinery because the exercise of ordinary care would disclose them, as the duty to exercise care to discover them does not rest upon him.

The eleventh complains of the refusal of the following charge: "You are instructed that an employer is not bound to furnish absolutely safe machinery or appliances for the use of his employes, but all that is required of him is to use ordinary care in providing safe machinery for the employe. Therefore, if you believe from the evidence that the guide in question had lost motion, but that same was necessary in the operation of said machine, and could not have been avoided by defendants by the use of ordinary care, then you will find for defendants on the issue of their liability by reason of said lost motion." The charge was properly refused because it also ignored the theory of the youth and inexperience of plaintiff.

We sustain the assignment as to excess in the verdict and shall affirm the judgment, provided a remittitur is filed within seven days of $4000, reducing the amount to $6000, otherwise the judgment will be reversed and the cause remanded.

*Affirmed upon remittitur.*

## ON MOTION FOR REHEARING.

The discussion of the fifth assignment of error in this motion makes a further opinion appropriate. It is earnestly contended that the answer and the requested charges which are mentioned in the original opinion under this assignment were not interposed because defendant considered that the petition involved the theory of dangers ordinarily incident to the operation of the machine as a theory of recovery. But on the contrary, that they proceeded upon the idea that no such theory of recovery existed, and the matter was pleaded as a sufficient defense in itself, and the charges were asked in order to present the defense, because it can not be denied that if no case was pleaded by plaintiff involving dangers inherent in the use of the machine as a dangerous instrument, he would not be allowed to recover at all upon that theory, and defendant would have had a good defense by merely establishing that the danger which led to plaintiff's injury was one incident to the use of a dangerous machine. In other words, if plaintiff stated no case upon the theory of dangerous machine, he would be defeated by proof that his injury was due to the danger ordinarily involved in its use. Defendant undoubtedly had the right to plead specially, as it did, that if plaintiff's injuries were the result of risks and dangers which were incident to the operation of a rip saw, he could not recover. He also had the right, in the state of plaintiff's pleading, to have the court charge the jury to find for defendant outright if plaintiff's injury was caused by dangers that were incident to the use

of such machines, for the simple reason that plaintiff had asked for a recovery upon the theory that the injury was caused by dangers arising from defects in the machine.

But it seems to us that defendant's charges Nos. 4 and 6 show upon their face that they were not drawn with any idea that if the injury occurred by reason of dangers ordinarily incident to the use of such a machine, defendant was *ipso facto* entitled to a verdict.

The wording of said two special charges, mentioning various considerations not at all material to the above theory, negatives the position now taken by counsel. If plaintiff had pleaded that the machine, without defects, was dangerous, he could have recovered if there was a duty to warn plaintiff and it had not been performed. The questions of warning, plaintiff's intelligence and equal opportunity of knowing, were questions which would have been material upon the issue of dangers incident to the use of such a machine, if plaintiff had pleaded such a case. However, as the pleading was, these questions were immaterial if the jury should have found that the injury was the result of dangers incident to the service, as distinguished from dangers arising from defects. All that defendant had to do in the state of the petition in asking a charge appropriate to that theory was to say that if the injury was caused by dangers incident to the use of such machines or incident to the service in which plaintiff was engaged, to find for defendant.

Instead of this, two of the special charges which defendant now claims referred only to such theory, included mention of matters not at all material to it, and which would not have encumbered the charges had counsel had the idea at the time that the mere fact that the injury occurred from dangers inherent in the service, was sufficient to defeat a recovery.

We think the requested charges Nos. 4 and 6 as they were framed indicate that defendant considered that it was called on to meet a case for recovery based upon dangers incident to the use of a rip saw machine; that it tried the case and asked instructions upon that theory, and that the court probably was led to consider and submit the case upon that theory by the course pursued by counsel at the trial, including counsel for the defendant. The motion calls attention to the fact that we have not passed on assignment four. There was no error in the charge it attacks. The charge deals with the question of negligence of defendant in permitting the guide to be and remain in a defective condition. The term "permitting" presupposes the idea of knowledge. Motion overruled.

*Overruled.*

Writ of error refused.