FESSINGER v. EL PASO TIMES CO. et al.

(Court of Civil Appeals of Texas. El Paso. Feb. 20, 1913. Rehearing Denied March 19, 1913.)

1. LIBEL AND SLANDER (§ 7*) — ACTIONABLE WORDS.

A newspaper article, charging that plaintiff was arrested for assault, "forfeited a $25 bond," and failed to answer the charge against him, "which is said to have been a mix-up in the red light district," was libelous per se, and hence it was error to submit to the jury in a libel case the question whether it was libelous.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 17–78; Dec. Dig. § 7.*]

2. APPEAL AND ERROR (§ 882*)—INVITED ERROR—SUBMISSION OF ISSUES.

Where, in an action for the publication of a libelous newspaper article, instructions were given for plaintiff drawn upon the theory that the article was not libelous per se, he was estopped to object that, the article being in fact libelous per se, the court erred in submitting to the jury the question whether it was libelous.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3591–3610; Dec. Dig. § 882.*]

3. LIBEL AND SLANDER (§ 104*)—EVIDENCE—ADMISSIBILITY—CORRECTION.

While, in an action by F. for the publication of a libel, a second article published by

defendant and headed, "F.'s Correction," and commencing, "F. says," followed by his statements, was not admissible under Rev. Civ. St. 1911, art. 5596, authorizing the admission of any correction made of the libelous article by defendant, since it was a correction made by plaintiff, it was still admissible independent of the statute as a circumstance tending to rebut any inference of malice.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 284–291; Dec. Dig. § 104.*]

**4. LIBEL AND SLANDER (§ 120*)—EXEMPLARY DAMAGES—MALICE.**

Exemplary damages are not recoverable in a libel case unless the libelous language was instigated by malice, even though the language be libelous per se.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 350, 351; Dec. Dig. § 120.*]

**5. LIBEL AND SLANDER (§ 4*) — EXEMPLARY DAMAGES — "EXPRESS MALICE" — "IMPLIED MALICE."**

In an action for libel, malice authorizing exemplary damages may be shown by evidence of the personal ill will of defendant, termed "express malice," or may be inferred where the libelous article was recklessly or carelessly published, in which case it is "implied malice."

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. § 111; Dec. Dig. § 4.*

For other definitions, see Words and Phrases, vol. 3, pp. 2607–2611; vol. 8, p. 7658; vol. 4, pp. 3433, 3434; vol. 8, p. 7682.]

**6. APPEAL AND ERROR (§ 1068*)—HARMLESS ERROR—INSTRUCTION.**

Error in a libel case in an instruction as to exemplary damages was harmless, where the jury found against plaintiff upon the issue of actual damages, and thus precluded any possible award of exemplary damages.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4225–4228, 4230; Dec. Dig. § 1068.*]

**7. LIBEL AND SLANDER (§ 27*)—ACTIONABLE WORDS—CORRECTION STATEMENT.**

A correction article containing a statement of plaintiff's claim as to the facts touched on in the libelous article, followed by the clause, "and there you are," was not libelous, where every fact stated in the correction article was admitted to be true and was plaintiff's version of the incident; the words quoted not being libelous per se, though equivocal and ambiguous.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. § 104; Dec. Dig. § 27.*]

**8. LIBEL AND SLANDER (§ 86*)—PLEADING.**

Where, in an action for the publication of libelous newspaper articles, an article complained of is not libelous per se, the plaintiff should allege its libelous character by proper innuendo showing same.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 205–208; Dec. Dig. § 86.*]

**9. APPEAL AND ERROR (§ 758*)—ASSIGNMENT OF ERROR—SUFFICIENCY.**

An assignment of error in the brief, which was not a true copy of any assignment appearing in the record, could not be considered on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3093; Dec. Dig. § 758.*]

Appeal from District Court, El Paso County; A. M. Walthall, Judge.

Action by Reuben Fessinger against the El Paso Times Company and another. From a

judgment for defendants, plaintiff appeals. Affirmed.

Jackson & Lessing and J. T. Hill, all of El Paso, for appellant. P. R. Price and T. A. Falvey, both of El Paso, for appellees.

HIGGINS, J. Action for damages by appellant against the El Paso Morning Times Company and Thomas O'Keffe, publishers of the El Paso Times, a daily newspaper, alleging: That on July 20, 1910, appellees published in their said newspaper and circulated a libelous article concerning appellant, as follows: "Forfeited $25 Bond. A. Fessinger arrested on the charge of assault by Officer Fenley, forfeited $25.00 bond in the police court yesterday afternoon. He failed to answer to the charge brought against him, which is said to have been a mix-up in the red light district." That appellant requested appellees to retract the statements contained in said article, but they declined to do so, and maliciously attempting to expose appellant to public hatred, contempt, ridicule, financial injury, and to impeach his honesty, integrity, virtue, and reputation, published in said paper, on July 21, 1910, an additional false and libelous article concerning plaintiff, as follows: "Mr. Fessinger's Correction. A. Fessinger says that he was not arrested in the red light district; was not arrested at all but walked down to the police station; did not forfeit a $25.00 bond, but was fined $25.00 and took an appeal, and besides, he is not 'A.' Fessinger, but is 'R.' Fessinger, and that the rucus was about a suit case, and occurred in his place of business on South El Paso street, and he arrested the woman, carried her to the police station, and they let her go and held him—and there you are." That while A. Fessinger was named in the original article, yet the article intended to refer, and did refer, to plaintiff and was so known and understood by the readers of the publication. That plaintiff was engaged in the merchandising business in the city of El Paso, and enjoyed the respect, esteem, and confidence of the people of the community in which he lived. That the red light district referred to in the original publication was a portion of the city of El Paso inhabited by abandoned women, all of which was well known to the readers of the publication. That by the original article it was charged that plaintiff was dishonest in having forfeited his bond for his appearance in a court of justice, thereby subjecting his sureties to financial loss, and to further charge that he was immoral and an habitué of immoral resorts and consorted with abandoned women. That the charges in the original article were untrue and libelous and maliciously circulated of and concerning plaintiff, and that the statements, charges, and representations made in the second article were likewise false and libelous

and maliciously made and circulated, to plaintiff's actual damage in the sum of $10,000, and exemplary damages in further sum of $10,000.

Defendants answered by general denial, and further that they were not acquainted with either A. Fessinger or R. Fessinger referred to in the petition; that one of the reporters of the El Paso Times Company reported to the paper the facts contained in the publication of July 20th; that neither of the defendants knew of the falsity of the facts therein stated, if the same were false; and that it was published merely as a news item without any intention to injure plaintiff, his good name, or reputation. And with reference to the said publication of July 21st, it was averred that the same was published at the special instance and request of plaintiff, in the words requested by him, and the statements therein contained were true, wherefore they said that they had publicly corrected the original article appearing in the issue of the 20th.

Upon trial, verdict and judgment in favor of the defendants was rendered. Omitting formal portions of the court's charge, and statement of the issues raised by the pleading, the same reads as follows:

"Third. You are instructed that a published article to be the basis or foundation of an action for damages, the published words and figures constituting the published article must be a libel. A 'libel' is a defamation expressed in printing tending to injure the reputation of one who is alive and thereby exposing him to public hatred, contempt, or ridicule, or to impeach the honesty, integrity, virtue, or reputation about any one whom it is published; and it is a question of fact for the jury to determine and find from the words and figures of the article published whether the same is a libel, and whether the article was published of and concerning the plaintiff. It is not necessary in order to make an article libelous that the name of the person intended to be referred to should be properly mentioned, provided such article refers to a person by such name, time, place, or other circumstances with such certainty as to enable others to know to whom the article had reference.

"Fourth. Now, if you believe and so find from a preponderance of the evidence, that the defendants, on the 20th day of July, 1910, caused to be printed in the El Paso Morning Times, a newspaper, the article of that date read to you in evidence, and you further find from the evidence that said published article referred to the plaintiff and was a defamation tending to injure the reputation of plaintiff, and thereby expose him to public hatred, contempt, or ridicule, or to impeach his honesty, integrity, virtue, or reputation, and you further find that the statements in said article were false, and should you so find you will find for the plaintiff and assess him actual damages; and

should you further find that said publication was actuated by malice—that is, was without probable cause—you may assess exemplary damages or punitive damages in addition to any actual damages. In this connection, should you find for plaintiff, you are instructed that the law is the defendants, in mitigation of exemplary or punitive damages, may put in evidence the circumstances and intentions under which the alleged libelous publication was made, and any apology, correction, or retraction made and published by defendants of the alleged libel complained of, and if you find from the circumstances, or the intentions of the defendants, or the correction, if any, made and published by the defendants, the defendants were not actuated by malice in making publication of said article, and should you so find, you will not assess exemplary damages against defendants.

"Fifth. You are instructed that should you find from the preponderance of the evidence that the statements contained in said published article were true, or were not published of and concerning plaintiff, or you do not find that the article of date July 20, 1910, was a defamation tending to injure the reputation of plaintiff and thereby expose him to public hatred, contempt, or ridicule, or impeach his honesty, integrity, virtue, or reputation, you will find for the defendants as to any damages actual or exemplary.

"Sixth. You are instructed that you will not consider the article of July 21, 1910, as the publication of a libel, and the court withdraws from your consideration said article as constituting libel; but you may consider said article in determining the question as to any public apology, correction, or retraction made and published by the defendants of the article of July 20, 1910."

In a special charge the jury was instructed that if they found the article of July 20th to be libelous, and that same was false and referred to the plaintiff, it would not be necessary for the evidence to show any direct financial injury by reason thereof. If the same tended to injure the plaintiff in any of the ways submitted in the main charge, the presumption would follow, as a matter of law, that plaintiff had been damaged.

Article 5595, Revised Statutes of 1911, provides: "A libel is a defamation expressed in printing or writing, or by signs and pictures, or drawings, tending to blacken the memory of the dead, or tending to injure the reputation of one who is alive, and thereby expose him to public hatred, contempt or ridicule, or financial injury, or to impeach the honesty, integrity, or virtue, or reputation of any one, or to publish the natural defects of any one and thereby expose such person to public hatred, ridicule, or financial injury."

[1] Error is assigned to the third, fourth, and fifth paragraphs of the charge upon the ground that the court should have instructed

the jury that the article of July 20th was libelous, and should not have submitted to them for their determination the issue of whether or not the same was libelous.

When the meaning of the language used is ambiguous and of doubtful import, it is the duty of the court to define "libel" and leave to the jury to determine whether or not the language complained of is libelous. Cotulla v. Kerr, 74 Tex. 89, 11 S. W. 1058, 15 Am. St. Rep. 819; Guisti v. Galveston Tribune (Sup.) 150 S. W. 874. On the other hand, where the language used is clear and unambiguous, and its reasonable and natural meaning of the character denounced by the statute as libelous, it is then libelous per se, and the duty of the court to so instruct the jury. Cotulla v. Kerr, supra; Guisti v. Galveston Tribune, supra; Walker v. San Antonio Light Co., 30 Tex. Civ. App. 165, 70 S. W. 555; Houston Printing Co. v. Moulden, 15 Tex. Civ. App. 574, 41 S. W. 381; Mitchell v. Spradley, 23 Tex. Civ. App. 43, 56 S. W. 134.

In the article under consideration, it is first stated that appellant had forfeited a bond given for his appearance in a court of justice. There is nothing obscure or ambiguous about this statement, and its reasonable and natural meaning is to impeach plaintiff's honesty and integrity, as the natural inference from such a charge is that he was exposing his bondsmen to financial loss and injury. With reference to that portion of the article "which is said to have been a mix-up in the red light district," this too is clear and unambiguous, and the only natural and reasonable meaning that can be inferred from the statement is that the plaintiff had been engaged in a brawl in a disreputable district. The red light district in a city has a meaning which is well known and recognized, and this portion of the publication clearly tends to injure and impeach plaintiff's reputation and virtue.

[2] For the reasons indicated, it was error for the court to submit to the jury the issue of whether the publication was libelous; but it was error invited by appellant, which precludes him from complaining thereof. The rule of invited error is predicated upon estoppel. Railway Co. v. Green, 42 Tex. Civ. App. 216, 95 S. W. 694. And it has been repeatedly held that one cannot complain of the submission of an issue to the jury when he invited a charge upon such issue. Railway Co. v. Matthews, 34 Tex. Civ. App. 302, 79 S. W. 71; Poindexter v. Receivers, 101 Tex. 322, 107 S. W. 42; Lackey v. Bennett, 65 S. W. 651; Southern Pacific Co. v. Godfrey, 48 Tex. Civ. App. 616, 107 S. W. 1135.

In Railway Co. v. Geiger, 55 Tex. Civ. App. 1, 118 S. W. 179, it was held that error in an instruction authorizing a recovery by plaintiff upon an erroneous theory is not ground for reversal where defendant invited such error by requesting instructions, proceeding upon the same theory, which may have induced the court to make such erroneous submission.

Railway Co. v. Josey, 95 S. W. 688, was an action for recovery of value of a mule alleged to have been killed by appellant. Error was assigned to a charge submitting a theory of liability based upon failure to give statutory signals at a crossing, it being contended that the animal was not killed at a crossing, and the statute and charge has reference only to such a place. It was held appellant could not complain of the action of the court in submitting the case upon the theory indicated in the charge, as it appears to have treated such theory as being proper upon the trial and had requested a charge similar to the one complained of.

In Masterson v. Ribble, 34 Tex. Civ. App. 270, 78 S. W. 358, an objection, in a boundary suit, that the court was not authorized to submit to the jury the question whether the surveys were actually made on the ground, was held to be unavailable because appellant invited a charge upon that issue.

Special charges Nos. 1, 2, and 5 requested by the appellant were drawn upon the theory that the article in question was not libelous per se, since they submit to the jury to determine the issue of whether or not the article tended to disgrace or render plaintiff ridiculous or to impeach his honesty, integrity, virtue, and reputation. Plaintiff, in special charges requested by him, having thus invited the submission of the decisive question of whether the article quoted had the injurious effect which impresses a false statement with the character of actionable libel, should therefore be estopped and precluded from questioning the correctness of the court's action in proceeding upon the same theory. It may have induced the court to proceed upon this erroneous theory.

Those cases cited by appellant to the effect that it is the duty of the court to give correct instructions, and that it is not incumbent upon a party to request proper instructions in special charges, have no application whatever to the doctrine of invited error. It is therefore wholly unnecessary to review the same.

[3] Error is assigned also to the fourth and sixth paragraphs of the charge, wherein the jury was instructed that the defendant in mitigation of exemplary damages might offer in evidence the circumstances and intentions under which the defamatory publication was made, and any public apology, correction, or retraction thereof made and published by him, and not to consider the article of July 21st as a libel, but that the same might be considered in considering the question of whether any public apology, correction, or retraction of the original article was made and published by the defendants.

Article 5596 of the Revised Statutes provides: "In any action for libel, the defendant may give in evidence, if specially

pleaded, in mitigation of exemplary or punitive damages, the circumstances and intentions under which the libelous publication was made, and any public apology, correction or retraction *made* and published by him of the libel complained of. The truth of the statement or statements in such publication shall be a defense to such action."

[4, 5] It is first urged that the second article should not have been submitted to be considered in mitigation of exemplary damages, since it does not constitute either an apology, correction, or retraction. It certainly cannot be considered as an apology for or retraction of the statements contained in the first article. It may, however, be regarded as a correction, since every statement of fact therein contained was the plaintiff's version of the incident out of which the original publication arose, and same is admitted to be true. While it was a correction published by the defendants, yet it was not *made* by them, but was a correction made by Mr. Fessinger himself. It was therefore not a correction made and published by the defendants within the meaning of the article last quoted, and therefore no statutory right existed in behalf of the defendant that the same should be considered in mitigation of exemplary damages. Exemplary damages are not recoverable unless the libelous language was instigated by malice. This may be shown by evidence of personal ill will or animosity on the part of the defendant, or it may be inferred where the libelous article was recklessly or carelessly published. Cotulla v. Kerr, supra; King v. Sassaman, 54 S. W. 304; 25 Cyc. 536. In the one case it is termed "express malice," and in the other "implied malice." The distinction, however, is in name rather than in fact, and it is malice whether it be proven by direct evidence, as in the one case, or inferred from recklessness or carelessness in the other, and, whatever may be its nature, it is the right of the defendants to offer in evidence any fact or circumstance otherwise properly admissible which would tend to rebut any evidence of malice offered by the plaintiff. The fact that the defendants were willing to publish, and did publish, Mr. Fessinger's correction of the original article, was in itself a circumstance tending to rebut any inference of malice arising from the reckless and careless act on their part in publishing the original article. This is a right independent of any statute, and article 5596 is not to be construed as limiting defendant, in rebuttal of malice and in mitigation of exemplary damages, to evidence of the facts expressly referred to in the statute. In this connection it may be well to state that there is no evidence of any express malice, and if there was any malice whatever it was implied and to be inferred only from the fact that the statements contained in the original article were recklessly and carelessly made without probable cause.

[6] Aside from these considerations, the error, if any, in the charge of the court with reference to mitigation of exemplary damages, was harmless. The jury having found against the plaintiff upon the issue of actual damage, therefore in no event would an award of exemplary damages in any amount have been proper.

[7] The second proposition supporting the assignments now under consideration reads: "Plaintiff's petition alleged that said second publication was an affirmation of the truth of the first publication by appellees, and the issue was raised by the appellees as to the interpretation of the concluding clause, 'and there you are'; it was an error for the court to instruct as to said article in favor of appellees."

We are in doubt as to appellant's position under this proposition. If it is intended to urge error in the action of the court in submitting the article of July 21st for consideration in mitigation of exemplary damages, it is disposed of by what has already been said. On the other hand, if it is intended to urge that the court should not have withdrawn consideration of the article of July 21st as constituting a libel, then the same is not well taken. In the petition it is alleged that the statements, charges, and representations made therein were false and were maliciously made and published for the purpose of injuring plaintiff. The statements, however, therein contained, cannot be regarded as libelous, because every fact therein stated is admitted to be true and was the plaintiff's version of the incident. Under the article of the statute last quoted, the truth of these statements is a defense to an action for libel based thereon.

[8] No issue is raised by the pleading as to the interpretation of the concluding clause, "and there you are." It cannot be said that this concluding clause is libelous per se, but the meaning is certainly equivocal and ambiguous. If it has a meaning which is libelous and defamatory, it should have been averred and alleged by proper innuendo showing its libelous meaning and nature. 25 Cyc. 450.

The sixth assignment is disposed of by what has heretofore been said.

Special charge No. 2 complained of in the seventh assignment was properly refused. Although defamatory language may be libelous per se, exemplary damages are not recoverable unless the publication thereof was made upon malice. The charge in question ignored this essential element.

[9] What is styled "appellant's tenth and eleventh assignments of error" is not considered. It is not a copy of any assignment appearing in the record, and appears to be a blending and combination of original assignments of error Nos. 10 and 11. The rules

contemplate that the assignments as copied in the brief shall be true copies of the original assignments, and there is no excuse for making changes therein; upon the slightest reflection it will be obvious that the practice of making changes in the original assignments upon incorporation in the briefs should not be countenanced. We expressly disclaim any reflection upon the motives of counsel in the instant case in this connection, but adhering to a practice which this court has adopted, and which is deemed salutary, we decline to consider these assignments. Mt. Franklin, etc., v. May, 150 S. W. 756; Biggs v. Miller, 147 S. W. 632; Horseman v. Coleman County, 57 S. W. 304; Martin v. Bank, 102 S. W. 131; Alexander v. Bowers, 79 S. W. 342; Railway Co. v. Adams, 55 Tex. Civ. App. 245, 118 S. W. 1155.

Affirmed.